ROBERT A. STANTON, as Receiver, Etc., Appellant, v. WILLIAM
                G. WESTOVER et al., Respondents.

|101  265|
|124  454|

One of two partners on retiring from the business transferred to his co-
partner his interest in the firm property, each agreeing to pay one-half of
its debts.    The firm was solvent, but the remaining partner was in
fact insolvent at the time.    This, however, was not known to him or
the retiring partner, and the transfer was made in good faith.    In an
action wherein creditors of the firm claimed a preference over the in-
dividual creditors of the remaining partner, *held*, that by the transfer
the title vested in the remaining partner as his own private estate; that
he acquired the same dominion over it as if it had always been his own
separate property free from any lien or equity on the part of partnership
creditors, and that transfers by him of the property in payment of indi-
vidual debts were lawful.

(Argued December 17, 1885; decided January 19, 1886.)

APPEAL from judgment of the General Term of the Supreme
Court, in the third judicial department, entered upon an order
made July 2, 1883, which affirmed a judgment in favor of
defendants, entered upon a decision of the court on trial at
Special Term.

This action was brought by plaintiff as receiver of the joint
property of defendants Osmer M. and William G. Westover,
who formerly composed the firm of O. M. & W. G. Westover,
and of the separate property of Osmer M. Westover, to set
aside as fraudulent a sale of his interest in the partnership
property, made by William G. to Osmer M. Westover on the
retirement of the former from the business; also to set aside
two chattel mortgages covering the property thereafter exe-
cuted by Osmer M., to secure individual debts, and a general
assignment made by him for the benefit of creditors.

Plaintiff was appointed receiver in supplementary proceed-
ings in an action against the two members of the firm upon a
firm debt.   The facts, so far as material, are stated in the
opinion.

*John W. Church* for appellant.   As between a firm and its
creditors the property is vested in the firm, and no individual
partner has an exclusive right to any part of the joint stock
until the firm debts are paid and a balance of account is struck
between him and his copartners and the amount of his interest
accurately ascertained.   (*Menagh* v. *Whitwell,* 52 N. Y. 146,
158, 159, 161, 162, 165, 166, 167.)   The equity of partnership
creditors to have the partnership assets applied first to the pay-
ment of their debts is that of the partners alone, and is to be
worked out through them, and they can terminate it at will.
(*Sage* v. *Chollar,* 21 Barb. 596 ; *Ketchum* v. *Durkee,* 1 Barb.
Ch. 480 ; *Smith* v. *Howard,* 20 How. Pr. 121 ; *Dimon* v.
*Hazard,* 32 N. Y. 65, 80.)   The firm assets transferred to O.
M. Westover by W. G. Westover and those transferred by the
latter to the former were charged with a trust for the payment
of the firm debts, and under the circumstances their respective
assignees hold them charged with the same trust.   (*Morss* v.
*Gleason,* 64 N. Y. 204 ; *Menagh* v. *Whitwell,* 52 id. 146 .
*Goertner* v. *Trustees, etc.,* 2 Barb. 628 ; *Burtus* v. *Tidball,*
4 id. 571 ; *Wilds* v. *Chapman,* 4 Edw. Ch. 669 ; Pars. on
Part. 253.)   The voluntary assignee was apprised of Wood-
man's rights before he entered upon his duties, and no equities
appear in his favor.   His *bona fides* do not aid his title.
(*Young* v. *Hermans,* 66 N. Y. 374 ; *Griffin* v. *Marquardt,* 17
id. 30.)   The assignment from O. M. Westover to Jane was void
under the statute.   (2 R. S. 137, § 1 ; *Van Nest* v. *Zoe,*
1 Sandf. Ch. 4 ; *Rockenbaugh* v. *Hubbell,* 5 L. R. [N. S.]
95 ; Wait's F. C., § 325 ; *Planck* v. *Schemerhorn,* 3 Barb
Ch. 644 ; *Read* v. *Worthington* 9 Bosw. 628 ; *Burdick*
v. *Post,* 72 Barb. 172 ; *Nicholson* v. *Leavitt,* 6 N. Y.
517 ; *Oliver Lee & Co.'s Bank* v. *Talcott,* 19 id. 149 ;
*Hyslop* v. *Clark,* 14 Johns. 458 ; *Grover* v. *Wakeman,* 11
Wend. 187 ; *Wakeman* v. *Grover,* 4 Paige, 23 ; Bump, 19, 27,
263.)   The fact that at the time of the transfer both parties to
it were insolvent renders it illegal and void as against plaintiff,
to the extent of the indebtedness of the firm to him, or the
judgment creditor he represents, notwithstanding it was made

in good faith. (*Hard* v. *Mulligan*, 8 Abb. N. C. 63 ; *Fisk* v. *Gould*, 12 Fed. Rep. 372 ; *Wilson* v. *Robertson*, 21 N. Y. 587, 592 ; Willard's Eq. 708 ; *Dimon* v. *Hazard*, 32 N. Y. 65 ; *Ransom* v. *Vandeventer*, 41 Barb. 316; *Jackson* v. *Cornell*, 1 Sandf. Ch. 348 ; *Deveau* v. *Fowler*, 2 Paige, 400 ; *Menagh* v. *Whitwell*, 52 N. Y. 146 ; *Hulbert* v. *Dean*, 2 Keyes, 97 ; *Kameth* v. *Bassett*, 34 Barb. 31 ; *Heye* v. *Bolles*, 33 How. 277 ; *Fassett* v. *Tallmadge*, 18 Abb. 52 ; *O'Niel* v. *Salmon*, 25 How. 248 ; *Forgerty* v. *Cullen*, 49 Supr. Ct. 397 ; *Fitzpatrick* v. *Flanagan*, 27 Alb. L. J. 175.)

*James W. Glover* for respondents. An assignment is to be upheld unless clearly proved fraudulent. (*Bingham* v. *Tillinghast*, 15 Barb. 620 ; *Shutz* v. *Hoagland*, 85 N. Y. 464 ; *Rapalee* v. *Stewart*, 27 id. 318 ; *Griffin* v. *Marquardt*, 21 id. 121.) Good faith is always presumed. Fraud must be shown affirmatively. (*Townsend* v. *Stearns*, 32 N. Y. 213, 215 ; *Bank of Silver Creek* v. *Talcott*, 22 Barb. 561.) When one of two partners retires from business, relinquishing to the other all his interest in the partnership property, the remaining partner acquires the same domain as if it had ever been his own separate property. (*Dimon* v. *Hazard*, 32 N. Y. 65 ; *Iveschick* v. *Addison*, 3 Rob. 344 ; *Menagh* v. *Whitwell*, 52 N. Y. 160, 167, 171 ; *Fitzpatrick* v. *Flanagan*, 27 Alb. L. J. 175 ; *Sage* v. *Cholar*, 21 Barb. 598 ; *Field* v. *Hunt*, 21 How. 463 ; *Ketchum* v. *Durkee*, 1 Barb. Ch. 480 ; *Krib* v. *Schoonmaker*, 3 id. 46 ; *Corey* v. *Long*, 2 Sweeney, 495 ; *Smith* v. *Howard*, 20 How. 121 ; *Greenwood* v. *Broadhead*, 8 Barb. 596, 597.)

Finch, J. The judgment in this action is fully sustained by the case of *Dimon* v. *Hazard* (32 N. Y. 65). It was there held that where one of two partners retires from business, relinquishing to the other all his interest in the partnership property, the remaining partner acquires the same dominion as if it had ever been his own separate property ; that the transfer being made in good faith, the title vests in the remain-

ing partner as his own private estate, free from any lien or
equity in favor of partnership creditors; and that such remain-
ing partner may lawfully transfer such property in payment
of his individual debts. In this case, the good faith of the
transfer is abundantly proved, and found as a fact by the trial
court. The partnership was perfectly solvent; its debts being
only about $1,500, and its assets $9,000. The retiring partner
received $3,800 in outside securities, except to the extent of
$900, which was paid to him in firm notes and accounts, and
agreed to pay one-half of the firm debts, the remaining partner
agreeing to pay the other half. For a period of five months
the situation remained unchanged, and the property open to
levy; and during that time the retiring partner offered to
pay one-half of the debt here in question upon being fully re-
leased. The creditor had a right to decline the offer, but the
fact that it was made bore strongly upon the question of good
faith. By force of this arrangement neither party retained any
equity against the other. By their joint consent the goods
became the individual property of the remaining partner, and
the $900 in notes and accounts the individual property of the
retiring partner, and no partnership property remained. Each
by the agreement of transfer substituted for the partner's
equity the personal contract of the other to pay, and had left
only the right to enforce that contract against the individual
contracting. The property of O. M. Westover thus lost its
character of partnership property, and became the separate
property of the individual. This result is claimed to have been
changed by the doctrine of this court in *Menagh* v. *Whitwell*
(52 N. Y. 146). We do not so understand it. It was there dis-
tinctly said that "there is another class of cases in which the
partnership effects have been held to be liberated from liability
to be applied to partnership debts, in preference to the sepa-
rate debts of one partner; that is where a *bona fide* sale has
been made by a retiring partner in a solvent firm of two mem-
bers to his copartner, the latter assuming the debts. In such
a case it is settled that the property formerly of the partner-
ship becomes the separate property of the purchasing partner,

and that the partnership creditors are not entitled to any preference as against his individual creditors in case of his subsequent insolvency. But in those cases the joint property was converted into separate property by the joint act of all the members of the firm. They had power to dispose of the *corpus* of the joint property, and the exercise of that power, when free from fraud, divested the title of the firm as effectually as if they had united in a sale to a stranger." The question in the case, from which we have made the foregoing citation, was further said to be the effect upon the title of the firm, as between it and its creditors, of several transfers by the partners to third persons. Two circumstances only mark a difference in the case before us from those supposed in the doctrine thus established. Here the debts were not all assumed by the purchasing partner, and the latter was in fact insolvent as an individual at the date of the transfer. But, as we have already seen, each assumed one-half of the debts in severalty as between themselves, and in reliance upon the individual responsibility of each other; neither retaining any partnership equity since no partnership property remained. The insolvency of the purchasing partner, if known to him and to the seller, might very well be strong evidence of an intent to defraud the partnership creditors, and become conclusive upon that question if there was no explanation. But here the purchasing partner supposed himself to be solvent, and was so believed to be by the seller. The former continued in business for five months before his failure, during which period he stood open to a levy by the firm creditors, and the offer of the retiring partner to pay the half he had assumed tended to rebut any fraudulent intent.

On this state of facts it is found that there was no fraud, and we think correctly. The contrary could not be held as matter of law.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.