Daniels, J.
This is a judgment creditor’s action to set aside a general assignment executed by the judgment debtor NcNulty to the defendant Byrne for the benefit of creditors. The assignment upon its face appears to be formally accurate, but it' has been assailed as fraudulent for the reason that it included partnership property, out of the proceeds of which the individual indebtedness of the assignor was first directed to be paid. But this objection was considered to be unavailing at the trial, for the reason that McNulty was the surviving partner of the firm, and had purchased the interest of his deceased partner in the property. And that this purchase had been made was found as a fact by the court at the trial. This finding has been urged to be unsupported by the evidence given upon the trial. And it is true that the evidence relating to the fact was very general, but the answer to the objection is found in the circumstance, that the witness giving the testimony was called and examined by the counsel for the plaintiffs, who was evidently indisposed to require any thing more precise on this subject than was elicited from the witness. He stated that he did put money into the business, to buy out the interest of the widow of the deceased partner, and a small balance over what was due to her. If the counsel for the plaintiffs had. not been contented with this very general evidence, he should have interrogated the witness further, and obtained from him the facts and circumstance precisely, under which the interest in question, and his failure to do so strengthened this very general evidence, and justified the court in acting upon it as proof of the fact it tended to establish, and that was, that the surviving partner had become the owner of the interest of his deceased partner in the property after the period of his decease.
There was no evidence in the case from which it could be inferred that the business was at the time of this purchase insolvent, but the testimony given by the same witness indicated the fact to be otherwise, and that the embarrassments of the business leading to the assignment arose subsequent to the time of the decease of the other partner. Neither was there any evidence of bad faith on the part of McNulty in purchasing the interest or making the assignment. And under this state of the case the principle has now become very well settled that the surviving partner who has acquired the right and interest of the deceased partner in the firm property, may execute and deliver a general assignment in the form of that now in controversy. This was held by this court upon the decision of an appeal from an order vacating an attachment against the property of this assignor, and it has since been sane *648 tioned as the law in Stanton v. Westover (101 N. Y., 265), as it had also been previously declared in the same court.
Evidence was excluded upon the trial which in strictness ought to have been received, but as the controlling facts were sustained by the proof which was received, the judgment should not be reversed on this account. There was, for a similar reason, no error in the refusal of the court to find the facts as requested on the part of the plaintiffs.The case was disposed of as it should have been by the proof which was presented, and the judgment should be affirmed, with costs.
Davis, P. J., and Brady, J., concur.