### DUNN *et al.* *v.* ARNOLD *et al.*

*(Supreme Court, General Term, Fourth Department. April, 1891.)*

FRAUDULENT CONVEYANCE—RIGHTS OF PURCHASER—KNOWLEDGE OF PARTIES.

P. and A., partners, executed a note to plaintiffs for a partnership debt. They then agreed that P. should sell his interest in the concern to E., which was done, with the further agreement that the debts of the concern should be paid by P. and A. Thereafter A. sold and transferred his interest in the concern to X. Plaintiffs, after obtaining judgment against the old firm, P. & A., and having an execution returned unsatisfied, brought their action to reach the assets of the old firm. *Held*, that A., having known of the negotiations for the transfer of the one-half interest in the firm to E., was bound thereby, and in no situation to complain of the transfer and of the dismissal of the suit as to E.

Appeal from judgment on report of referee.

Action by John Dunn and another against Frank G. Arnold and others. Plaintiffs are judgment creditors of Charles A. Pratt and Frank G. Arnold, who constituted the firm of Pratt & Arnold, and made their promissory note on the 3d day of January, 1889, to the plaintiffs for an indebtedness then existing. Subsequently the plaintiffs recovered a judgment upon that indebtedness, and issued an execution, which was returned unsatisfied; and they bring this action to reach the assets of the partnership existing at the time the debt was contracted. The referee held that the complaint should be dismissed on the merits as to defendants John D. Arnold and Carl S. Eaton, with one bill of costs against the plaintiffs. Plaintiffs appeal from the judgment entered on the referee's report.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*J. William Wilson*, for appellants. *William E. Hobby*, for respondents.

· HARDIN, P. J. ·The referee found "that on or about the 12th day of January, 1889, it was agreed between said Pratt and Frank G. Arnold that said Pratt should sell an undivided one-half interest of all the merchandise of said firm to one Andrew J. Eaton for twenty-two hundred and fifty dollars, ($2,250.00.)" Thereafter negotiations were had between Pratt and Dr. Andrew J. Eaton, with the knowledge, and with the assent and concurrence, of Frank G. Arnold, and that resulted in an agreement that for the price of $2,250, to be paid to Pratt, the said Andrew J. Eaton should become the purchaser of one-half of the firm goods and fixtures. It was understood that Andrew J. Eaton made the purchase for and in behalf of his son, Carl S. Eaton, to whom, immediately after acquiring an interest, he made the trans-

fer; and the son entered into business with Frank G. Arnold, and he and Carl S. Eaton thus became the owners of the property. Pratt and Frank G. Arnold agreed to pay all the liabilities of the firm of Pratt & Arnold, and Frank G. Arnold was to raise, outside of the business, $1,500, to be used in paying the debts, which he subsequently did, applying the same to the payment of the debts of the firm of Pratt & Arnold. It is also found that Carl S. Eaton and Frank G. Arnold, having formed a copartnership for the purpose of carrying on a business, "took possession of said merchandise, and continued to carry on said business, selling from said stock of goods and adding to the same in the regular course of business, until the 15th day of July, 1889, when said copartnership dissolved;" and on the 15th day of July, 1889, Frank G. Arnold assigned and transferred to his father, the defendant John D. Arnold, all his right, interest, and property in and to the assets of the firm of Arnold & Eaton. The referee also found as matter of fact, viz.: "That neither the said sale by said Pratt, nor the said sale by Frank G. Arnold, was fraudulent, or made with the intent to hinder or delay or defraud creditors; nor was either of them made upon any trust." A careful perusal of the evidence found in the case has led us to the conclusion that the referee was warranted in his findings of fact. It appears that Arnold & Eaton became the owners of the property, and as such they were entitled to carry on the business, which they did for some period of time, and to make sales thereof. *Dimon* v. *Hazard*, 32 N. Y. 65; *Stanton* v. *Westover*, 101 N. Y. 268, 4 N. E. Rep. 529. The evidence very clearly shows that Frank G. Arnold knew of the negotiations made, and of the terms agreed upon for the transfer of one-half interest in the stock of goods to Eaton. He became bound thereby. He was in no situation to complain of the transfer. *Saunders* v. *Reilly*, 105 N. Y. 20, 12 N. E. Rep. 170. We think the question made as to whether the transfers were with fraudulent intent were questions of fact, and not of law. *Bulger* v. *Rosa*, 24 N. E. Rep. 853.

2. We think no error was committed by the referee in refusing to find that the firm of Pratt & Arnold was insolvent at the time of its dissolution; nor that the transfer, made with the assent of both members of the firm, to Dr. Eaton, was not for his son, Carl S.; nor in refusing to find that Eaton only acquired an equitable interest in the property of Pratt & Arnold. Both members of that firm assented to the transfer to Eaton, and, as before observed, it was made without any fraudulent intent. Nor do we think the evidence required a finding on the part of the referee that Arnold & Eaton should account for "any excess of the value of the said property over the pretended considerations." On the contrary, we are of the opinion that the plaintiffs obtained all the relief they were entitled to at the hands of the referee, and his direction that the complaint should be dismissed, as to John D. Arnold and Carl S. Eaton, on the merits, was correct, and should be sustained. Judgment affirmed, with costs. All concur.