GEORGE B. MARTIN, RESPONDENT, v. FRANKLIN MAL-LERY AND OTHERS.

WILLIAM H. HOLLISTER, APPELLANT.

*Partnership — priority of executions on judgments against partners — a purchase by one partner of the firm assets vests him with the* corpus *thereof, as if it had always belonged to him.*

One Martin brought an action upon a note made by Mallery and indorsed by Holland and by a third person. Mallery and Holland were partners. In entering judgment Martin entered several judgments against Mallery and Holland; the executions issued under which were returned unsatisfied.

Subsequently one Hollister brought an action for a debt against Mallery & Holland, but entered judgment against Mallery only. Under an execution, issued under the Hollister judgment, the sheriff sold the firm property.

Upon an application made by Martin, that the sheriff pay to him the moneys thus collected, it appeared that Mallery had bought the interest of Holland in the firm.

*Held,* that by his purchase from Holland, Mallery became vested with the title to the partnership property as if it had always belonged to him, and that Martin had no claim upon the moneys realized upon the sale of the firm property.

APPEAL by William H. Hollister from an order entered in the clerk's office of Saratoga county on the 2d day of September, 1890, directing the sheriff of said county to pay certain executions against Franklin Mallery, and against Franklin Mallery, Rachel Mallery and Stephen Holland, and in favor of George B. Martin, to the extent of $286.20, upon the ground that said executions issued upon the judgment in favor of said Martin were superior in rank to an execution issued upon a judgment of said Hollister against one Franklin Mallery.

*J. W. Palmer,* for William H. Hollister, appellant.

*George B. Martin* and *Edgar T Brackett,* for the respondent.

LEARNED, P. J.:

This is an appeal from an order directing the sheriff to pay, on the aforesaid judgment, moneys raised by him from a sale on execution upon a judgment in favor of William H. Hollister against Franklin Mallery.

The plaintiff Martin commenced an action on a promissory note made by Franklin Mallery and indorsed by Stephen Holland and Rachel Mallery. In that action he recovered judgment against Franklin Mallery May 13, 1890, and against Stephen Holland and Rachel Mallery June 10, 1890. An execution on the judgment against Franklin Mallery was issued June 23, 1890, and returned *nulla bona* August 21, 1890. An execution upon the judgment against the other two defendants was issued June 23, 1890, and returned *nulla bona* August 23, 1890. This execution is in form against each and all of the defendants.

William B. Hollister commenced an action against Franklin Mallery and Stephen Holland and recovered a judgment against Franklin Mallery June 20, 1890, on which he issued an execution that day, by virtue of which execution the plaintiff levied on the interest of Franklin Mallery in "the Panama store." This execution was satisfied by sale July 8, 1890. Martin, the above named plaintiff, moved upon notice, dated the eighteenth of July, on an affidavit and on the judgment-rolls and executions in his action, to require the plaintiff to pay his execution before that of Hollister, which motion was granted July twenty-ninth, and Hollister appeals.

The affidavit of Martin avers that his judgment was for a debt owing by the firm of Mallery & Holland, composed of Franklin Mallery and Stephen Holland, and that the judgment of Hollister was against Franklin Mallery alone. The answering affidavit of Hollister denies that Martin's judgment was on a firm debt and refers to the complaint in Martin's action. He avers that his own debt was for goods sold to Franklin Mallery and Stephen Holland as partners prior to their dissolution ; that they dissolved partnership about May 27, 1890, and that Franklin Mallery succeeded to all the interests of the firm.

It is plain that the judgment-roll in Martin's action does not show a partnership debt. It is on a note of Franklin Mallery indorsed successively by Stephen Holland and Rachel Mallery. All of the defendants were served the same day, but the plaintiff severed his judgments instead of taking a judgment against them as joint-debtors. He even severed as against Franklin Mallery and Stephen Holland.

Martin, however, relies on the doctrine of *Saunders* v. *Reilly* (105 N. Y., 12), and of *Davis* v. *Delaware and Hudson Canal Company* (109 id., 47). He urges that even if his debt was not a partnership debt, yet, as it was a debt owing by all the partners, his execution had priority over an execution previously levied against one partner. We think that those cases do not sustain his position, and, indeed, are rather contrary to it. In the latter case the General Term had given priority to a partnership debt owing by the partners individually. But the Court of Appeals reversed that decision, and held that a prior judgment against the several partners had priority over a later judgment on a prior debt. The other case is similar. Under these cases Martin's execution against both partners individually, if first levied, would have taken the firm property (assuming that the property still belonged to the firm), in preference to a subsequent execution against the firm. But that is not this case. Martin's is the subsequent, and Hollister's the prior execution. Martin, therefore, attempts to assert that benefit, of being a creditor of the firm over individual creditors, which was denied in those cases.

But there is another view which may make it unnecessary to decide this last point. Hollister alleges that about May twenty-seventh Franklin Mallery bought out Stephen Holland and succeeded to all the interests of the firm. There is nothing to contradict this. Now, in *Saunders* v. *Reilly* (*ut supra*, 18), this subject is discussed, and it was held, on the authority of *Stanton* v. *Westover* (101 N. Y., 265), that such a purchase vests the purchasing partner with the absolute title to the *corpus* of the partnership property, as if it had always belonged to him. How this rule may be qualified in case of fraud, we need not inquire. Under that rule the purchase from Holland by Mallery gave him the absolute title. And necessarily the executions against him, being first levied, must be first paid.

So far as the equity of the case goes, Hollister's affidavit shows that his judgment was for a firm debt. So that he is committing no injustice when he levies on property formerly belonging to the firm and now, since Mallery's purchase, belonging to him.

We think the order should be reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.

LANDON and MAYHAM, JJ., concurred.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.