STATE, *ex rel.* EUGENE CLOWER, as administrator of the estate or M. D. Clower, deceased, v. REX SWEAT, as Sheriff of Duval County.

162 So. 689.
Opinion Filed June 22, 1935.
Petition for Rehearing Denied August 2, 1935.

*J. T. G. Crawford* and *Philip S. May,* for *Plaintiff in* Error;

*H. L. Anderson* and *Edward S. Hemphill,* for Defendant in Error.

BROWN, J.—Plaintiff in error filed a petition in the Circuit Court of Duval County for the issuance of a writ of mandamus commanding the sheriff, defendant in error here, to levy an execution upon such and sufficient of the goods and chattels of Neil G. Wade, as may be found within said county to satisfy the said execution, or that cause be shown on a day named why a peremptory writ should not be issued ordering the same to be done.

The execution commanded the sheriff, "that of the goods and chattels, lands and tenements of Neill G. Wade and Neill G. Wade, Jr., as surviving partners of the late firm of Wade, Clower & Wade, heretofore composed of Neill G. Wade, M. G. Clower and Neill G. Wade, Jr., you cause to be made the sum of $3500.," etc., which execution followed the court in Wade v. Clower, 94 Fla. 817, 114 So. 548.

The final decree and execution issued thereon grew out of an accounting suit brought by the administrator of the estate of a deceased partner against the surviving partners, Neill G. Wade and Neill G. Wade, Jr. The final decree rendered by Judge A. V. Long, then Circuit Judge, closed with the following order:

"THEREUPON, Upon consideration hereof, it is ordered, adjudged and decreed that the Complainant is entitled to

recover the costs and Attorney's Fees incurred by him in this case, and that the complainant, Eugene Clower, as Administrator of and for the Estate of M. D. Clower, deceased, do have and recover of and from the defendants, Neill G. Wade and Neill G. Wade, Jr., as surviving partners of the late firm of Wade, Clower & Wade, heretofore composed of Neill G. Wade, M. D. Clower and Neill G. Wade, Jr., the sum of Three Thousand Five Hundred ($3500.00) Dollars as Attorney's Fees incurred by said complainant in this suit, together with the costs of this suit to be taxed by the Clerk of this Court, including the sum of $17.10 which is herein and hereby allowed to C. R. Layton, Special Master, for taking testimony and making report herein; and that said sums be paid within thirty (30) days from date, and if not so paid, then that Execution do issue hereon upon application of complainant's solicitors, to be levied upon the goods and chattels, lands and tenements, of the said defendants, Neill G. Wade and Neill G. Wade, Jr., as surviving partners of the late firm of Wade, Clower & Wade, aforesaid."

It appears from the allegations of the motion to quash that there had already been a distribution under a decree of the United States District Court of the assets of the firm of Wade, Clower & Wade and that no assets belonging to said firm were in the hands of the defendants in execution. Such was the case when the final decree in the State Court was rendered.

As to judgments by third parties against partner, the general rule is, in the absence of statutory provision to the contrary, that the judgment creditor is under no obligation to levy execution against the property of the firm before having recourse to the separate property of the partners, nor is he under any obligation to levy execution against

all the partners ratably. He may select any one or more of them, and levy execution upon him or them until the judgment is satisfied, leaving all questions of contribution to be settled between the partners themselves. 22 Am. & Eng. Encyc. of Law, 2nd ed. 173. See also, to like effect, I Lindley on Partnership, 2nd Am. Ed. 692; Epstein v. First National Bank, 92 Fla. 796, 110 So. 354.

In the 4th edition of the same work (Lindley's), Section 369, it is said: "Before the Judicature Acts there was a marked difference between the views taken at law and at equity with reference to the nature of partnership debts; for whilst at law they were all joint, so that on the death of one partner the survivors became solely liable for them, in equity they were all, prima facie, separate as well as joint, so that on the death of a partner his estate remained liable for them." In Section 827 of Rowley on Modern Law of Partnership it is said:

"Section 827. Execution.—At common law liability on *a judgment* against partners for a firm debt is not joint, as is the liability on the debt, but is joint and several, and the execution may be levied on either firm property or the property of any partner. As said in one case, 'The Statute (Code, Section 1369) required the sheriff to satisfy an execution against property 'Out of the personal property of the judgment debtor,' and if sufficient personal property can not be found, then out of the real property belonging to him. There is no statute or rule of law which requires the sheriff to satisfy a joint execution out of the joint property of the execution debtors, or out of the separate property of each debtor. He may satisfy such an execution out of the joint property, or out of the separate property of any one or more of the debtors. In Lindley on Part., 515, it is said that 'although the writ of execution on a joint

judgment must be joint in form, it may be levied upon all or any one or more of the persons named in it,' and that 'the consequence of this is, that the sheriff may execute a writ issued against partners jointly, either on their joint property or on the separate property of any one or more of them, or both on their joint or their respective separate property. And so long as there is within the sheriff's bailiwick any property of the partners or any of them, a return of *nulla bona* is improper.' "

The case quoted from is Saunders v. Reilly, 105 N. Y. 12, 12 N. E. 170.

No authorities have been cited on the subject of the joint and several liabilities of surviving partners to the estate of a deceased partner, but we are convinced that the principles embodied in the above authorities, operating in favor of third parties, should certainly operate in favor of the estate of a deceased partner under a decree and execution such as we have here before us. Both the decree and the execution are against two individuals as surviving partners of a partnership of which the deceased, whose administrator is the party plaintiff, was a member, but as it was rendered at a time when the chancellor rendering the decree knew that the United States Court had already rendered its decree in the accounting suit, as shown by the recitals in the State Court's decree, the State Court must have known that all the partnership assets had already been distributed. Be that as it may, this decree is not against a partnership, but it is rendered against two individuals as surviving partners of a partnership which had already been dissolved. Therefore it operates upon them as individuals; and the petitioner in the court below, plaintiff in error here, had a clear right to direct the sheriff to levy the execution upon the property of either one of the surviving partners, or both if

necessary. 23 C. J. 434. That is, assuming the facts alleged in the petition and alternative writ to be true, and they were necessarily admitted to be true by the motion to quash the alternative writ.

. Our conclusion is that the court erred in granting this motion.

Mandamus was an available remedy against the Sheriff in a case of this kind, under Section 4526, Comp. Gen. Laws.

. Reversed and remanded.

. WHITFIELD, C. J., and DAVIS, J., concur.

. ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.