**WADE et al. v. CLOWER et al.**

No. 8106.

Circuit Court of Appeals, Fifth Circuit.

July 22, 1937.

H. L. Anderson, of Jacksonville, Fla., for appellants.

J. T. G. Crawford and Philip S. May, both of Jacksonville, Fla., for appellees.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment sustaining a motion to dismiss a bill which sought an injunction to stay the execution of a judgment rendered by a state court. The pleadings are lengthy and involved, but the issues may be somewhat briefly stated.

The firm of Wade, Clower & Wade, composed of Neill G. Wade, Neill G. Wade, Jr., appellants, and Malcolm D. Clower, was doing business as construction contractors in Florida. Clower died on June 29, 1916. Eugene Clower, appellee, was appointed and qualified as administrator of his estate and brought a proceeding in a state court of Florida to liquidate the partnership. The suit was removed to the federal court by appellants but was remanded. Thereafter appellants brought a proceeding in the federal court, as surviving partners, to liquidate the partnership, notwithstanding the pendency of the similar suit in the state court. Apparently the administrator made no objection to this and the federal suit proceeded to final judgment, the state suit not being pressed in the meantime. The federal judgment settled the accounting between the surviving partners and the administrator and held that each of the parties in that suit should be required to bear his respective attorney's fees. Thereafter, further proceedings were had in the state court and a judgment was entered allowing the administrator to recover attorney's fees of $3,500 and costs against the surviving partners. On appeal to the Supreme Court of Florida this judgment was affirmed. 94 Fla. 817, 114 So. 548. Executions on the judgment were returned nulla bona. Clower then applied to the state court for a writ of mandamus against the sheriff, a proper proceeding under the law of Florida, to compel him to levy on the goods and chattels of Neill G. Wade to satisfy the execution. A motion to quash the writ was sustained by the circuit court. On appeal the Supreme Court of Florida held that mandamus would lie and reversed the judgment of the circuit court. State ex rel. Clower v. Sweat, 120 Fla. 312, 162 So. 689. No effort was made to have these judgments of the Supreme Court of Florida reviewed by the Supreme Court of the United States and they became final.

Appellants contend that all the issues between the parties were settled by the judgment in the federal court, which had ancillary jurisdiction to entertain the bill, to protect its own judgment and to protect the rights of appellants acquired thereunder.

We concur in the judgment of the District Court. The question of whether the surviving partners were liable to the administrator for his attorney's fees, incurred in bringing the original suit, was not concluded by the judgment of the federal court. The state court undoubtedly had jurisdiction, which first attached. It was authorized to proceed with the adjudication of that question. The judgment of the state court had become final before the present proceeding was brought and the federal court was without jurisdiction to entertain it. Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Riehle v. Margolies, 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669; Hill v. Martin, 296 U.S. 393, 56 S.Ct. 278, 80 L.Ed. 293.

The judgment is affirmed.