## MANDEVILLE *a.* REED.

*Court of Appeals; July Term*, 1850.

MECHANIC'S LIEN.—EFFECT OF ASSIGNMENT BY CONTRACTOR.—
JOINT-DEBTORS.

Where two defendants had made a joint contract with a builder for the erection
of two houses, one to be placed on a lot owned in severalty by one defendant,
and the other on another lot, owned in like manner by the other defendant;
and the plaintiff, a mechanic employed by the contractor, complied with the
provisions of Laws of 1830, ch. 330,—enabling a mechanic, who has performed
work towards the erection, construction, or finishing of any building in the
city of New York to procure a lien upon such building,—and the contractor,
on being notified, had not disputed the account ;—*Held*, that the defendants
were jointly liable to the plaintiff for the price of his labor.

*It seems*, that it would be sufficient (under *Laws of* 1830, ch. 330) for a mechanic,
in order to acquire the right as against the joint-owners of a building, to be
paid the sum due him, out of the fund due or to become due from them to the
contractor, to deliver the account attested, as required by the statute, to either
of such joint-owners.

A general assignment for the benefit of creditors by a builder, after making a
contract for the erection of a building, and for payment upon the completion of
the work, does not operate to change the relation between the contractor and
the owner. The builder is still responsible to the owner for the performance
of the contract ; and a mechanic who has performed labor for the contractor
upon the building, can, as well after as before the assignment, acquire a right
to be paid the. amount due him, out of moneys due from the owners, on the
performance of the contract.

Appeal from a judgment.

This action was commenced in 1847, in the New York Com-
mon Pleas, to recover judgment for the amount of a mechanic's
lien upon real property of the defendants David B. and Eli H.
Reed, for the sum of one hundred dollars.

The defendants were the owners in severalty of two lots upon
the Tenth Avenue, in the city of New York, at the time the
plaintiff worked upon the buildings thereon erected. They had
made a joint contract with one Gillman, for the erection of
buildings upon the two lots, providing for partial payments
during the progress of the work, and payment in full upon the

completion of the buildings.    Gillman, in pursuance of his con-
tract, commenced the erection of the buildings agreed upon,
and employed the plaintiff to construct the stairs in the two
buildings.

On July 24th, 1847, the plaintiff served upon David B.
Reed an account against the contractor, accompanied with his
own affidavit, in the form prescribed by the statute, and an af-
fidavit of one of his workmen, and a notice of his demand
against any money due the contractor upon the building owned
by David B. Reed.    The account and notice were as follows:

"Mr. George Gillman,

To Henry Mandeville, Dr.

To building three flights of stairs in the building hereinafter
mentioned, in the sum of fifty dollars, pursuant to a parol con-
tract toward the erection, construction, and finishing of a build-
ing on the westerly side of Tenth Avenue, one door above Thirty-
sixth-street, in the city of New York.    Dated, July 24, 1847.

Henry Mandeville."

"To David B. Reed.    Sir.—Please to take notice that I have
a demand, as in the within account stated, amounting to the
sum of fifty dollars, which remains unpaid.    Dated, July 24,
1847.              Yours, &c.,

Henry Mandeville."

A similar account, with like affidavits, and a claim for the
same amount were served upon Eli H. Reed, except that the
premises described in the account were the house and lot owned
by him in severalty.

Upon the trial, after proof of these facts and of the employ-
ment of the plaintiff by the contractor, and of the value of his
labor and materials, and that $700 was due upon the contract
from the defendants, the plaintiff rested.    The defendants
moved for a nonsuit on the grounds—1st. That there was a
misjoinder of the defendants, inasmuch as the plaintiff had
elected to proceed separately, and afterwards brought his action
against both defendants.    2d. That the attested accounts should
have been made against both defendants.    3. That inasmuch
as the bill of particulars was made out against each separately,

the plaintiff could not recover against both defendants. The court denied the motion, and the defendants excepted.

The defendants then proved that on the 10th day of July, 1847, Gillman had made a general assignment of his property, in trust for his creditors; that at the time of their assignment no money was payable to Gillman upon the contract; that his assignee had given defendants notice of the assignment, and that he claimed the benefits of the contract before the service of the notices of lien; that the assignee subsequently completed the buildings and claimed the balance of the contract-price.

The defendants requested the court to charge—1st. That as the work was not done and the money was not due to the plaintiff when his attested account was served, he was not entitled to recover. 2d. That inasmuch as the legal title to the last payment of seven hundred dollars had become vested in the assignee, before the service of the attested accounts, nothing ever became due to the contractor, Gillman, upon which the account could take effect. The court refused so to charge, and the defendants excepted. A verdict was rendered against both defendants for one hundred dollars. The defendants applied before the full bench of judges, in the Common Pleas, for a new trial, which motion was denied: the defendants took the present appeal.

*Edward Hoffman,* for the appellants.

*James Green,* for the respondent.—I. The attested accounts served were sufficient both in form and substance: the accounts thus served were not disputed.

II. The defendants, although owners of the respective houses in severalty, yet were joint contractors and owners of the fund: the action was, therefore, properly brought against them jointly.

III. As to the assignment by Gillman to Jarvis. 1. The only effect of the assignment is to put the assignee in the place of the contractor. (Donaldson *a.* Wood, 22 *Wend.*, 395; Munsell *a.* Lewis, 4 *Hill*, 635.) 2. If the contract did not pass under the assignment, then Jarvis acted as the agent of Gillman in completing the buildings. 3. The buildings were completed under the contract, and the last instalment became due under

the contract, therefore the defendants were bound to pay the plaintiff his claim out of the fund. 4. The contractor cannot devest the workman of his right to a lien by assigning his contract; if he could, the object of the statute regulating these proceedings would be defeated.

BY THE COURT.—JEWETT, J.—The two defendants, having made a *joint* contract in writing, with Gillman, for the erection of two houses, although one was to be, *and was* placed on a lot owned in severalty by one defendant, and the other on another lot owned in like manner by the other defendant, under the provisions of the Act of 1830 (*Laws of* 1830, ch. 330, 412), are jointly liable to the plaintiff, who performed the work in building the stairs in the houses respectively, if the plaintiff has complied, on his part, with the provisions of the statute, requisite to entitle one to obtain a lien, who performs work towards the erection, construction, or finishing of any building in the city of New York, erected under a contract in writing, between the owner and builder or other person. The fact that the defendants did not jointly own the lots on which the houses were erected, is, as I think, wholly immaterial. They may be regarded as owners, in respect to the contract with the builder of the houses, within the true interpretation of the statute. The plaintiff agreed with Gillman, as the evidence shows, to erect the stairs in both houses for $100. Having finished the work on the 24th of July, 1847, he made out an "attested account" against Gillman of fifty dollars, for building three flights of stairs in the building one door above 36th-street, in New York; and a like account of fifty dollars for building the like stairs in a building two doors above the same street, both on the westerly side of the 10th Avenue; and made an affidavit annexed to each account that it was just and true, and a correct account of the amount and value of the work and labor done and performed by him towards the erection of the building above mentioned, and that there was then due and remaining unpaid and unsatisfied for the same, the sum of fifty dollars.

They were the same buildings contemplated to be built by the contract made between the defendants and Gillman.

There was, also, an affidavit subjoined to each account, made by Thomas Jameson the same day, to the effect that the value

of the work performed by the plaintiff, was correctly stated in the account.

There was a notice annexed to each account, subscribed by the plaintiff; the one annexed to the account first mentioned, was addressed to the defendant, David B. Reed, and the other to Eli H. Reed, and stated that the subscriber had a demand as in the within account stated, amounting to fifty dollars, which remained unpaid. These accounts, with the affidavits and notice annexed, were served on the 24th day of July, 1847. The first named, on David B. Reed, and the other, on Eli H. Reed. When the account, &c., was served on David B. Reed, he said that the plaintiff had been expeditious in finishing up the contract, expressed himself satisfied, and stated that there was $690 due to the contractor.

On the trial it was objected to the giving the accounts in evidence, on the ground that each was made out against one defendant for one half of the amount claimed to be due to the plaintiff under the contract.

The objection was overruled, and the evidence received. It was also insisted, on a motion for a nonsuit, that there was a misjoinder of the defendants; that the plaintiff having made out his account for the work done on each house separately, could not sustain an action for the recovery of the whole sum due him against the defendants jointly, but should have proceeded against them severally for the recovery of the accounts as made out by him. There was no objection made, that both accounts, affidavits, and notices had not been served or delivered to both defendants.

The attested accounts were not made against the defendants, or either of them, but against Gillman, the builder, and the employer of the plaintiff, as is contemplated by the statute; and might as well, as it respects their legal effect, be made as they were, in two accounts, one for each house, identifying it upon which the work was performed, as in one account showing that work of the value of $50 had been performed on each house. The mechanic, &c., to entitle himself to the benefit of the provisions of the statute, is required, not only to make "an attested account of the amount and value of the work and labor performed and unpaid," but he is required to *deliver* the same to the *owner* of the building. If the defendants may be

regarded, as between themselves and the contractor and other persons doing work towards the erection of the buildings contracted to be built, as joint-owners, by reason of their joint contract (and I think they may), it would probably be sufficient for the mechanic, &c., in order to acquire a right as against the owners of the building to be paid the sum due him out of the fund due or to become due from them to the contractor, to deliver his account so attested to either of such joint-owners. I think it comes within the rule which prevails (except in giving notice to charge indorsers of commercial paper), that where " several are jointly bound to do an act, upon notice to them, notice to one is sufficient." (3 *Com. Dig.*, tit. *Condition*, L. 9 ; 5 *Ib.*, tit. *Pleader*, C., 71. See, also, Crowder a. Shee, 1 *Campb.*, 374.) But it is not necessary, for the disposition of this cause, to decide that question, and I do not intend to express a decided opinion upon it ; for, as I have already observed, the question was not made on the trial, nor has it been made on the argument here. Upon the delivery of such account to the owners of the building, the statute makes it their duty to retain out of their subsequent payments to the contractor, the amount of such work and labor, for the benefit of the person who has so performed the same.

The defendants proved by Gillman, that when the plaintiff's attested accounts were served, it would cost about $8 to fulfil his contract with him ; that he did not contest the account of the plaintiff, because he had made an assignment to Jarvis, and supposed that it took away all right from him to do so.

The second section of the statute provides, that whenever any amount of labor performed on a building erected under such contract shall be placed in the hands of the owner of such building or his authorized agent, it shall be the duty of such owner or agent to furnish his contractor with a copy of such papers, in order that if there shall be any disagreement between such contractor and his creditor, they may, by amicable adjustment between themselves, or by arbitration, ascertain the true sum due. And if the contractor shall not, within ten days after the receipt of such papers, give the owner written notice that he intends to dispute the claim ; or if in ten days after giving such notice, he shall refuse or neglect to have the matter adjusted as aforesaid, he shall be considered as assenting to the demand,

and the owner shall pay the same when it becomes due. Section 3 provides for the submission to arbitration, in case the contractor shall dispute the claim of the person performing the work, &c. And section 4 provides that when the amount due shall be adjusted as before provided, and the contractor shall not within ten days after pay the sum due to his creditor, with costs incurred, the owner shall pay the same out of the fund, as provided by the statute, and that amount due may be recovered from the owner by the creditor of his contractor, &c. The accounts of the plaintiff having been served, as provided by the statute, and Gillman having neglected to give the defendants notice that he intended to dispute the plaintiff's claim, he must be considered, as provided by the statute, as assenting to it. And the defendants became liable to pay it out of the moneys due or to become due to Gillman.

The assignment by Gillman to Jarvis did not change the relation existing between the defendants and Gillman by the contract, or affect the relation between the latter and the plaintiff. Gillman remained after, as before, the contractor, and responsible to the defendants for the performance of his contract with them, as well as with the plaintiff, who could as well after, as before, acquire a right to be paid the amount due to him from the defendants, in respect to the money to become due from them as owners, on the performance of the contract made with them by Gillman. Jarvis, the assignee, was not substituted in his place, nor did he contract any obligation to perform the contract, or acquire any right to the moneys to become due on its performance, beyond the balance which might remain, after the defendants had retained enough to discharge such sums as were due to such persons as had performed any work towards the construction of the buildings as Gillman had employed, and who had acquired a right to be paid, by delivering their attested accounts to the defendants. Upon the whole, I think the judgment should be affirmed.