BURHANS *v.* KELLY *et al.*

*(Supreme Court, General Term, Third Department.  July 2, 1888.)*

1. FRAUDULENT CONVEYANCES—ACTIONS TO SET ASIDE—EVIDENCE.
   In an action against an assignee to set the assignment aside as in fraud of creditors, the examination of the assignors, taken in supplementary proceedings six months after the assignment, is inadmissible in evidence.

2. SAME—WHAT CONSTITUTES—TRANSACTIONS BETWEEN PARTNERS.
   A partnership, and each partner thereof, was insolvent, and one transferred his interest to the other, who agreed to pay the partnership debts and the assignor's individual debts, and give him $1,000.  He afterwards assigned to a third party, preferring his individual debts.  *Held,* that the transfer and assignment were both fraudulent as to creditors.[1]

Appeal from special term.  Henry N. Burhans sued to set aside an assignment made by Hugh Kelly as fraudulent.  Judgment for plaintiff, and defendants appeal.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*John C. Keeler* and *H. D. Ellsworth,* for appellants.  *Samuel R. Stern* and *Thomas Spratt,* for respondent.

LEARNED, P. J.  Braithwaite and Kelly were partners.  December 1, 1884, Braithwaite sold out to Kelly; May 25, 1885, Kelly assigned to Chandler. Plaintiff recovered a judgment against Braithwaite and Kelly, June 23, 1885. After return of execution unsatisfied, they brought this action against Chandler, Braithwaite, and Kelly, to set aside the assignment as fraudulent.  They claim that the firm was insolvent when Braithwaite sold out; that his alleged sale was fraudulent; that the assignment preferred individual debts of Kelly, to the injury of partnership creditors.  The court held the assignment fraudulent, and defendants Kelly and Chandler appeal.

On the trial the plaintiff called as witnesses Kelly, Braithwaite, and Chandler.  The defendants called none.  After examining Braithwaite, the plaintiff offered in evidence Braithwaite's examination on proceeding supplementary. To this defendants Kelly and Chandler objected.  The objections were overruled, and defendant excepted.  After examining Kelly, the plaintiffs offered in evidence Kelly's examination in proceeding supplementary.  To this defendants objected.  The objections were overruled, and defendants excepted. Both examinations were read in evidence.  They were taken in November, 1885.  No explanation is made by the plaintiffs, in their points, as to the ground on which they consider these examinations admissible.  Chandler is the real party in interest here, as he holds the title to the property under the assignment which plaintiffs allege to be fraudulent.  We are at a loss to see how statements made by his assignors six months after the assignment can be evidence against him.  *Flagler* v. *Wheeler,* 40 Hun, 127; *Clews* v. *Kehr,* 90 N. Y. 634; *Truax* v. *Slater,* 86 N. Y. 632.  It is true that as against Kelly and Braithwaite, respectively, their statements were evidence.  Perhaps, therefore, they could not be altogether excluded.  But the admission of the evidence was in no way qualified, and Chandler objected.  Braithwaite, too, had not answered; so there was no issue with him.  We must, then, so far as Chandler is concerned, take the testimony given on the trial, and exclude the examination under proceeding supplementary.  Looking at this testimony above, we think the conclusion of the learned justice was correct, that, at the time of the sale by Braithwaite to Kelly, the firm was insolvent, and each partner was insolvent, and that they knew, or at least were bound to have known, that they and the firm were insolvent.  Their condition did not come from some secret and unsuspected cause.  It was plain and open.  They may

---

[1]As to when conveyances by insolvents will be held fraudulent as to creditors, see *Carter* v. *Coleman,* (Ala.) 2 South. Rep. 354, and note; *Smith* v. *Selz,* (Ind.) 16 N. E. Rep. 524, and note; *Redhead* v. *Pratt,* (Iowa,) 33 N. W. Rep. 382, and note.

not have intended any fraud, as they say they did not. But their intention is not conclusive. In the assignment to Chandler, Kelly preferred an individual debt, or, perhaps, more than one such debt. It is on this that the question arises. The equity of partnership creditors to have partnership property applied to their debts is said to be derived from a similar equity of the partners, and to come by subrogation. *Saunders* v. *Reilly*, 105 N. Y. 12, 12 N. E. Rep. 170; *Fitzpatrick* v. *Flannagan*, 106 U. S. 648, 1 Sup. Ct. Rep. 369. It is on this ground that this equity has been held to be lost by a transfer from one partner of his interest in the partnership property to another partner, because he has lost his equity. *Stanton* v. *Westover*, 101 N. Y. 265, 4 N. E. Rep. 529. So it would seem to be lost by the death of a partner. *Fitzpatrick* v. *Flannagan*, 106 U. S. 657, 1 Sup. Ct. Rep. 376. See the case of *Locke* v. *Lewis*, 124 Mass. 1, on this general subject. Of course, where the courts speak of a transfer by one partner to another, they mean a transfer valid and not fraudulent; and whether any transfer is fraudulent or not must depend on the facts of the particular case. In *Crane* v. *Rosa*, 23 Wkly. Dig. 440, we held that it was not error for a court to refuse to charge that if a firm was insolvent when one partner bought out another, and so continued till the assignment by the continuing partner, the assignment was fraudulent. The court had submitted to the jury the question whether the object of the sale by one partner to the other was to put the property in his hands, so that he might pay individuals, and had charged that, if so, the transaction was fraudulent. That case was unlike the present. Here the judge has found that the partnership was insolvent, and that each partner was insolvent; and it appears that by the terms of the assignment Kelly was to pay, not only the partnership debts, but also Braithwaite's individual debts, and was, besides, to give him $1,000. We think that the judge correctly found, on these and other facts, that the transfer was fraudulent; and, in this view, he properly held the assignment preferring Kelly's individual debt to be also fraudulent as to creditors of the partnership. In considering the question, we have excluded the examinations of defendants Braithwaite and Kelly as to any effect on defendant Chandler's rights, as, very possibly, the learned justice did on the trial; and it seems to us that the findings are sustained. Judgment affirmed, with costs.

LANDON and INGALLS, JJ., concurring.