## MURRAY *v.* GERETY *et al.*

(*City Court of New York, Trial Term.* June 27, 1890.)

1. MECHANIC'S LIEN—PRIORITIES—FRAUDULENT JUDGMENT.

   A judgment against a partnership confessed by one of the partners in favor of his brother and sister, without the knowledge of his co-partner, for loans alleged to have been made to the firm, but of which the co-partner was likewise ignorant, and of which the brother and sister had kept no account, and for which they had taken no receipt, is fraudulent and void as against firm creditors, and will not affect a lien for material furnished the firm and used by it in the construction of houses, though the lien was not filed until a week after the judgment was recovered.

2. SAME—JURISDICTION OF TRIAL TERM OF CITY COURT.

   Since the trial term of the city court has jurisdiction of an action to foreclose a mechanic's lien, it has power, as incident to that jurisdiction, to declare fraudulent a transfer intended to defeat that lien.

Action by John A. Murray against John B. Gerety and others to foreclose a mechanic's lien. William McShane & Co., who filed the lien and thereafter assigned to plaintiff, furnished material to Gerety & Gildea, who did the plumbing and gas-fitting on premises owned by Weld & Meyer. The amount due Gerety & Gildea for the plumbing was $1,078.94, with interest, and on the trial it was admitted that the amount due from them to William McShane & Co. for material equaled that sum. To defeat plaintiff's lien, defendants relied on a judgment recovered by Alice Gerety against the firm of Gerety & Gildea seven days before the filing of the lien, and an assignment made by Gerety & Gildea four days before the lien was filed, in which they preferred Philip Gerety and Alice Gerety, and also Patrick Gildea, Sr. As to the judgment recovered by Alice Gerety, it appeared that the papers were served on John Gerety, the senior member of the firm of Gerety & Gildea; that he employed a lawyer to appear for both partners, and to confess judgment against them; that this was accordingly done, and execution issued against the firm; and that Patrick Gildea, Jr., the other member of the firm, had no knowledge of any of these proceedings. It further appeared that the complaint in this case contained two causes of action. The first was for $250, money loaned the firm by Philip Gerety, who had assigned to Alice. Philip was then a minor, and had no income or property except his wages as an apprentice, $4.50 or $5 per week. The second cause of action was for $326, money loaned the firm by Alice Gerety. She was a dress-maker and boarding-house keeper, and had no means other than what she derived from these

sources. She kept no bank-account, and had no place to deposit her savings. Patrick Gildea, Sr., had also commenced an action against the firm for $2,500, and had served both partners, but had not recovered judgment when the assignment was made.

*Thomas C. Ennever,* for plaintiff.     *Beattys & Low,* for defendants.

McADAM, C. J. The firm of Gerety & Gildea was, at the time the transfer was made and judgment recovered, insolvent and unable to pay its debts, and this fact was known, not only to the members of the firm, but to Philip and Alice Gerety. Gerety & Gildea had no property excepting the moneys coming to them as a firm from the buildings in question, and these moneys were charged with an equity in favor of McShane & Co. for the amount of materials which they furnished, and which went into the buildings, and created the fund. The assignment made by them was practically a general assignment, in which the sister and brother of Gerety and the father of Gildea were preferred, to the exclusion of McShane & Co. It was practically a general assignment, because it transferred all the property of the firm. Treated as a general assignment, it would be void, because not acknowledged or filed, and because it preferred creditors to an extent beyond one-third of the estate, (Laws 1887, c. 503;) and a general assignment could not cut off the rights of McShane & Co. to file a lien, (*Smith* v. *Baily,* 8 Daly, 128; *Mandeville* v. *Reed,* 13 Abb. Pr. 173.) Such an assignment, if void because fraudulent as to any part of it, is void in the whole. Burrill, Assignm. § 352 *et seq.* Treated as an assignment of a demand it is invalid, because made to hinder, delay, and defraud creditors, particularly McShane & Co. The judgment recovered by Alice Gerety is invalid as against McShane & Co., if it was procured by fraud or collusion. *Acker* v. *Leland,* 109 N. Y. 16, 15 N. E. Rep. 743; *Peyser* v. *Myers,* 9 N. Y. Supp. 229. That it was so procured is evident from the following circumstances: (1) Philip Gerety, the brother, who claims to have loaned $250, kept no book or account of his alleged loans. (2) Alice Gerety, the sister, kept no book or account of her loans. In both cases the loans were claimed to have been made in small sums at different times. Neither Philip nor Alice had any money in any depository, and took no receipt or obligation for the money. Gildea knew nothing whatever of the loans, and, if made at all, they were to John B. Gerety individually, and it is a fraud upon firm creditors for partners to prefer individual creditors. *Saunders* v. *Reilly,* 105 N. Y. 18, 12 N. E. Rep. 170; *Burhans* v. *Kelly,* 2 N. Y. Supp. 175. (3) The manner of obtaining the judgment was significant, the mode of service on John B. Gerety alone, and that in front of her lawyer's office, and the fact that immediately after the service John B. Gerety employed a lawyer to confess judgment against the firm, without the knowledge or consent of his copartner. For these, and like reasons, the transfer and the judgment and the proceedings founded upon it, must be held to be no legal impediment to the lien filed by McShane & Co. *Meehan* v. *Williams,* 36 How. Pr. 75, 2 Daly, 367; *Schaeffer* v. *Reilly,* 50 N. Y. 61.

This court has the same power in mechanics' lien cases that the other courts of record exercise. They proceed alike under the same statute to attain the same end. The defendants plead the transfers in defense, and, like a general release or other document pleaded in bar of a recovery, the court may in a proper case, and even in a common-law action, adjudge such instruments to be void so as to destroy their effect as a defense. The action is to foreclose the lien, and declaring fraudulent a transfer intended to defeat the lien is an incident to the jurisdiction necessary to make it effective. The case of *McCorkle* v. *Herrman,* 117 N. Y. 305, 22 N. E. Rep. 948, is inapplicable to a case of fraudulent disposition, and applies only to transfers made in good faith. The present action is unlike *Geery* v. *Geery,* 63 N. Y. 252, relied on by the defendants. In that case the action was to set aside conveyances alleged

to be fraudulent, and the court held that such an action was maintainable only by a judgment creditor who had first exhausted his legal remedies. As remarked before, the transfers in this case were pleaded in defense, and it became necessary for the court to pass on their validity. Indeed, the very nature of the defense called upon the court to adjudicate this question. It follows that the plaintiff is entitled to judgment, the form of which will be settled when the decree is presented.