BERNARD OATES *v.* MICHAEL H. HALEY, GEORGE H. STONE, and OWEN KENNEY.

Where, prior to the filing of a notice claiming a mechanic's lien by a sub-contractor, the contractor in good faith and for a full consideration, transferred to a purchaser the right which he might thereafter acquire to any payments under the contract, *Held*—that the purchaser succeeded to the rights of the contractor upon the contract, and that as against such purchaser, the sub-contractor, who knew, at the time of the making of his contract, of the existence of the assignment, acquired no lien.

The only exception to the rule that the sub-contractor can acquire no lien, where at the time of filing the notice there is nothing due to the contractor, is the case of an assignment by the contractor of his property in trust for the benefit of his creditors.

Oates v. Haley.

No lien attaches by the mere performance of work pursuant to the contract, but it is gained only by filing the notice prescribed by the statute, and until that notice is filed, the contractor, while acting in good faith, may deal with and dispose of the indebtedness which may accrue to him under the contract, as he may by law with any other maturing indebtedness.

APPEAL by the plaintiff from a judgment at Special Term, confirming the report of the referee.

The action was brought by the plaintiff as a sub-contractor, against the defendant Haley as contractor, and Stone as assignee of the contractor and of the owner Kenney. The referee (Hon. Albert Cardozo) found as matters of fact—

"1st, That defendant Kenney was the owner of two lots known as Nos. 232 and 234 West Thirty-seventh Street, in the City of New York; and that about October 23rd, 1860, he entered into an agreement with defendant Haley, by which the latter was to erect for said Kenney certain buildings upon said lots, for which Kenney agreed to pay said Haley (in divers payments) the sum of twenty-six hundred dollars.

"That subsequently the plaintiff entered into a verbal agreement with Haley to do certain parts of such buildings and furnish certain materials, for which Haley agreed to pay Oates the sum of three hundred dollars. That Oates did the work so agreed to be done by him, and which was in accordance with the contract between Haley and Kenney, and that such work was completed prior to the sixth day of May, 1861, and that, on said last mentioned day, there remained due and unpaid to Oates, for such work, the sum of one hundred and forty-six dollars and forty cents; and that, upon that day, Oates filed in the office of the Clerk of the City and County of New York a notice to effect a mechanic's lien upon said premises for said amount.

"2nd, That on the 22nd day of January, 1861, the defendant Haley assigned the payments due and to become due to him, under the contract between him and Kenney, to the defendant Stone, for the purpose, among other things, of securing to Stone the payments for lumber and materials which Stone had agreed to furnish to said Haley; and that said Stone did furnish lumber and materials to said Haley, after such assignment, and that such assignment was made without any fraudulent intent whatsoever, and that the amount due to

said Stone for such lumber and materials is unliquidated, and in part at least unpaid. That the plaintiff had not notice of such assignment to said Stone, when he, the said plaintiff, entered into said agreement with defendant Haley; but that before the plaintiff had done any considerable amount of such work, and furnished any considerable amount of materials, he, said plaintiff, had notice of the assignment to said Stone, and that with such notice thereof he proceeded with the work."

Upon the foregoing facts, the referee found and decided as matters of law:

"1st, That the defendant Stone, before said plaintiff filed any lien, became the legal owner, for a valuable consideration, of the payments due and to become due to Haley, under the contract between Kenney and Haley, and that, therefore, the plaintiff cannot have or maintain a lien under the mechanic's lien law.

"2nd, That the complaint in this action be dismissed."

The referee decided, on the question of costs, that neither party should have costs against the other, except the defendant Stone, who should have judgment against the plaintiff for the costs of this action.

Judgment having been entered upon this report, the plaintiff appealed to the General Term.

*William R. Stafford*, for appellant.

I. The assignment of the payments to become due under the contract, by Haley to Stone, did not change the relation existing between the plaintiff and Haley; nor between Haley and the owner Kenney; nor affect their obligations in any way. Haley remained, after as before the assignment, the contractor, and responsible to the owner for the performance; and Stone as assignee was not thereby substituted in the place of Haley; nor did he contract any liability to perform Haley's contract, or acquire any right to the moneys to become due on its performance beyond the balance which might remain after the owner had retained enough to discharge the liens of the workmen employed by Haley. (*Mandeville* v. *Reed*, 13 Abbott, 179; *Randolph* v. *Garvey*, 10 Abbott, 179; *Telfer* v. *Kierstead*, 2 Hilton, 577; *Smith* v. *Coe*, 2 Hilton, 365.)

Oates v. Haley.

II. The assignment was of an equitable interest merely, and was subject and subordinate to the rights vested in the mechanic by the lien law. Haley could not assign to Stone any greater rights than he himself had; and in taking the assignment, Stone placed himself in Haley's shoes, and was bound to take notice of the law by which a specific lien could be created upon the fund assigned in favor of the parties earning it. (*Field* v. *The Mayor*, 6 N. Y., 179; *Carman* v. *McIncrow*, 2 E. D. Smith, 689; *Donaldson* v. *Wood*, 22 Wendell, 395; *Munsell* v. *Lewis*, 4 Hill, 635.)

III. The mechanic's inchoate right of lien cannot be defeated by assignments to secure one creditor at the expense of others. The whole object of the statute would thus be evaded, and the lien of the artisan, " more highly favored both in law and equity than any other," (2 Kent, 812,) be utterly destroyed. (*Twelves* v. *Williams*, 3 Wharton, 485; *Jackson* v. *Cummins*, 5 Mees. & W., 342; *Houghton* v. *Mathews*, 3 Bos. & P., 492.)

IV. The transfer of the payments to become due, by Haley to Stone, was not upon such an *immediate, present* consideration as to constitute Stone a *bona fide* purchaser. (*Stuyvesant* v. *Hall*, 2 Barb., Ch. 151, 158; *Truscott* v. *King*, 6 Barb., 346.)

At most, Stone became a trustee of the fund for the purpose of paying first those who had earned it and acquired a specific lien upon it, and then himself.

*Cephas Brainerd*, for respondent Stone.

I. The defendant Stone, by the assignment from Haley, became absolutely the owner of all the payments accruing under the contract with Kenney, and no claim of a third party, no matter how created, could be interposed to defeat that right. (1.) The cases hold that an assignment of payments under a contemplated contract, takes effect upon the payments *becoming* due, to the exclusion of a *scire facias* sued out by a creditor of the contractor after the payments became due. (*Field* v. *The Mayor*, &c., 6 N. Y., 179; *Crocker* v. *Whitney*, 10 Mass., 316; *Hartley* v. *Tapley*, 2 Gray, 565; *Thayer* v. *Kelley*, 2 Wms., [28 Vt.,] 20.)

II. The proposition of law sought to be maintained is this: that from the time of making the contract, the sub-contractor

has an equitable lien under the law of 1851, which cannot be divested by the act of any third party. True, it is here limited in its application to the acts of the contractor, but if good in its application to this case, it reaches to all others. This cannot be the rule, because, (1.) This right of lien is the creature of statute; it does not extend by implication beyond the face of the enactments. At common law, a debt of the character sought to be enforced here, was no more favored than any other. Our statute provides that the mechanic " shall, *upon filing* the notice prescribed in the sixth section hereof, have a lien for the value," &c.; and it further provides that the notice *shall* be filed "*after*" the work has been performed or the materials furnished. Before the notice of lien is filed, the rights of all parties stand as before the statute. The mechanic stands in the old common law relation to the work. (*Livingston* v. *Mildrum*, 19 N. Y. R., 440, 444; *Carman* v. *McIncrow*, 13 N. Y., 72; *Cronk* v. *Whittaker*, 1 E. D. Smith, 847; *Kenny* v. *Gage*, 33 Vt. R., 847.) (2.) This proposition is supported by the decisions, holding in express terms, that the notice when filed, only binds the fund *due to the contractor* at the time of filing, and such as may subsequently become due. The cases are all one way on this subject. (*Miller* v. *Moore*, 1 E. D. Smith, 739; *Allen* v. *Carman*. Id., 692; *Chamberlain* v. *O'Connor*, Id., 665; *Sullivan* v. *Decker*, Id., 699; *Quimby* v. *Sloan*, 2 Id., 594; *Sinclair* v. *Fitch*, 3 Id., 677; *Cox* v. *Broderick*, Id., 721; *Smith* v. *Coe*, 2 Hilton, 365; *Telfer* v. *Kierstead*, Id., 577.)

III. All the equities in this case are with Stone. Oates had notice of this arrangement, and the purpose of it, when he made his bargain.

He had full notice of the fact of the assignment when he began his work, or at least before he had done anything of any account.

After all this, he went on with the work and availed himself of the advantages accruing to the whole of the workmen, by this assignment; he received money and obtained lumber under it.

When Oates' lien was filed, therefore, there was nothing due on the contract from Kenney to Haley, and consequently there

Oates v. Haley.

was nothing to which the lien could attach.   The referee
was right in his disposition of the case as against Oates, and
the judgment should be affirmed with costs.

*John Davidson*, for respondent Haley.

HILTON, J.—Under the mechanic's lien law, the sub-con-
tractor, by filng his notice of lien in the manner prescribed
acquired only the right to be subrogated to the claims of the
contractor under the contract made with the owner.   But if, at
the time of filing the notice, there is nothing due, and nothing
thereafter becomes due under the contract, to the contractor
from the owner, the sub-contractor acquires nothing by his
lien.   The only exception that I am aware of to the rule
as thus stated, is the case of an assignment by the contractor
of his property, in trust for the benefit of his creditors, and the
reason for the exception there is, that as such assignees stand
in the place of the contractor, and act substantially for his
benefit, if they perform the contract for him, or become entitled
to any payments under it, the sub-contractor may acquire a
lien to the same extent as if the assignment had not been made.

But it is otherwise where it is shown, as was the case here,
that, prior to the filing of any notice claiming a lien by a sub-
contractor, the contractor in good faith and for a full consider-
ation transferred to a purchaser the rights which the contractor
might thereafter acquire to any payments under the contract.

Under such a transfer the purchaser succeeds to the rights
of the contractor upon the contract freed from any lien which
might thereafter have been acquired had the transfer not
been made.

No lien attaches by the mere performance of work pursuant
to the contract, but it is gained only by filing the notice
prescribed by the act, and until that notice is filed, the
contractor, while acting in good faith, may deal with and
dispose of the indebtedness which may accrue to him under
the contract as effectually as he may by law with any other
maturing indebtedness.

I think the judgment should be affirmed.

---

Oates v. Haley.

---

BRADY, J.—The contract was assigned to Stone as security for materials to be furnished which were necessary to enable the contractor to perform. The plaintiff knew of the assignment, and said, with such knowledge, that he was satisfied to go on with the work. The evidence shows that Stone's debt was not paid. This case differs from one in which an assignment appears, made for the benefit of creditors. Stone was the person through whose aid the contractor went on with the building, and to secure the advances he made the assignment was executed. He certainly has a superior equity to the plaintiff, if the equities were to control. I think the judgment should be affirmed.

Judgment affirmed.