JARVIS B. SMITH *et al.* Plaintiffs, *against* GILBERT J. BAILY *et al.* Defendants.

[SPECIAL TERM.]

(Decided November 15th, 1878.)

Under the mechanic's lien law the right of a sub-contractor to file a notice of claim, and acquire a lien and the right to payment out of moneys due the contractor from the owner of the premises against which the lien is filed, is not cut off by an assignment for the benefit of creditors, made by the contractor before the filing of the lien.

The assignee in such a case has a right to contest the validity of the lien upon every ground available to.the owner of the premises.

Where a notice of lien filed by a sub-contractor stated that the claimants were to furnish, ready to be put up, certain portions of the doors, blinds, &c., for the new house then being erected by B. and C. (the contractors) thereinafter described, under a contract between them and the owner of said building to do all the carpenter work and furnish materials therefor on said building,—*Held*, that this was a sufficient statement that the materials were purchased to be used in the construction of the building.

A notice of lien filed by a sub-contractor, stating that " the bill hereto annexed contains a correct statement of the work done and the moneys paid and the balance due," and having such bill annexed, fulfils the statutory requirement that the notice should state that the amount demanded is one existing after deducting all just credits and offsets.

A notice of lien filed by a sub-contractor which, after setting forth the terms of the

contract by which it was agreed "that the work and materials were to be paid for in cash as delivered," states that "all the work and materials for which said claim is made has been done," and that the claim is "for work, labor and materials done, performed, and furnished," fulfils the statutory requirement that the notice should state whether all the work or materials for which the claim is made has been actually performed or furnished, and if not, how much of it.

The notice of lien of a sub-contractor, where no part of his contract is in writing, need not contain any statement of that fact.

TRIAL at special term.

This action was brought to foreclose a mechanic's lien on premises No. 571 Second Avenue, in the city of New York, filed by the plaintiffs, Jarvis B. Smith & Co., sub-contractors.

The defendants Baily & Eldred were contractors, the defendant Mrs. Mary A. Cavanagh was the owner, the defendant James Cavanagh was her husband and agent, and the defendant John I. Lawrence was an assignee for the benefit of the creditors of Baily & Eldred, who became insolvent before the completion of their contract, and while a portion of the contract price was not yet paid them.

After the filing of notice of lien by the plaintiffs, James Cavanagh, as agent of his wife, deposited with the county clerk sufficient of the moneys remaining unpaid Baily & Eldred to meet the amount claimed by plaintiffs.

The action was defended by the assignee.

It appeared by the testimony that although the plaintiffs were sub-contractors by virtue of a contract with the defendants Baily & Eldred, the latter did some work for the former, and the amount claimed was a balance after crediting the value of this work.

*W. T. Birdsall*, for plaintiffs.

*James C. Quinn*, for Cavanagh and wife, defendants.

*S. R. Johnson*, for John I. Lawrence, assignee, defendant.

JOSEPH F. DALY, J.—The right of a sub-contractor to file notice of claim, and acquire a lien and the right to payment out of moneys due the contractor, is not cut off by an assignment for the benefit of creditors made by the contrac-

tor before the filing of the lien (*Oates* v. *Haley,* 1 Daly, 338 ; *Mandeville* v. *Reed,* 13 Abb. Pr. 173 [Ct. App.]). But the assignee has the right to contest the validity of the lien upon every ground available to the owner of the premises. The contractor has the right to show its invalidity for failure to comply with the statutory requirements. Although, on failure of the lien, a·personal judgment may be rendered in the action against him, and in favor of the sub-contractor, for the debt, such judgment cannot be satisfied out of the moneys due him from the owner, unless a valid lien upon them has been acquired. In the absence of a lien the judgment is to be collected by execution against the contractor in the ordinary manner. The fund is subject to the lien, not to the mere claim or debt. The contractor having the right to contest the lien, his assignee has the same right.

The objections taken by the assignee to the lien are :—

I. That it does not state that the materials were purchased to be used in the construction of the building.

This seems to be unfounded. The lien notice states expressly that " J. B. Smith & Co., the claimants, were to furnish ready to be put up certain portions of the trim, sash, doors and blinds for the new house then being erected by said Baily & Eldred " (the contractors) " hereinafter described, under a contract between them " and " the owner of said building to do all the carpenter work and furnish materials therefor on said building," &c.

II. That the lien does not state that the amount demanded is one existing after deducting all just credits and offsets.

The lien notice states that " the bill hereto annexed contains a correct statement of the work done and the moneys paid and the balance due." This was held to be sufficient in *Farley* v. *Heimburg* (G. T. Com. Pleas, April, 1878, affirming the special term). The court held, in effect, that if there were no just credits and offsets to the claim, or, if the amount stated in the notice were in fact the amount due after deducting all just credits and offsets, no specific statement of either fact would be necessary.

Smith v. Baily.

This decision disposes of another objection to the lien, viz. :—

III. That the notice of lien does not state whether the contract between the claimant and the contractor was in writing.

From the reasoning in *Farley* v. *Heimburg (supra)*, it would follow that if there were no written contract it was not necessary to state that fact, since the lien act only requires that if the "contract or any part thereof is in writing a copy of such writing must be filed with and made part of the claim." (L. 1875, c. 379, § 5, last paragraph.)

IV. The remaining objection is, that the lien notice does not state that all the materials for which the claim is made have been actually furnished, and if not, how much has been furnished.

The lien law requires the notice to contain a statement "whether all the work or materials for which the claim is made has been actually performed or furnished, and if not, how much of it." The lien notice in question, after stating the contract for work and materials, states that "all the work and materials for which said claim is made has been done," and the claim is stated to be "for work, labor and materials done, performed and furnished," and the terms of employment were that "the work and materials was to be paid for in cash as delivered." These statements, taken together, amount to this, that the contract for work in making and delivering the "trim, sash, doors and blinds ready to be put up," as quoted above, was fully performed, and the work delivered when the lien was filed. This satisfies the requirement of section 5 of the statute.

The objection that the complaint shows that the lien was not filed within 30 days after the work was done and materials furnished (*Gates* v. *Buddensieck*, N. Y. Com. Pl. Spl. T. Oct., 1878), is overcome by allowing the amendment asked for by plaintiff, by which the complaint is conformed to the proof that the work and material were done and furnished within 30 days before the filing of the lien.

It very clearly appears from the evidence (Mr. Eldred's

testimony) that $70 60 of Baily & Eldred's claim against
J. B. Smith & Co. was credited by the latter on a bill for
work in 26th Street to the same amount, and that this was
satisfactory.   The balance of Baily & Eldred's claim, viz. :
$83 35, was all that was left to be deducted from J. B.
Smith & Co.'s work on the premises against which the lien
was filed.   Credit having been given for it, the lienors are
entitled to judgment for the full amount of their lien with
costs against the estate of the assignor.

Judgment for plaintiffs.