## N. Y. COMMON PLEAS.

Robert McMurray agt. Robert Hutcheson and others.

*Foreclosure of mechanic's lien.*

A subcontractor filing a lien, after an assignment, for the benefit of creditors by his contractor is entitled to judgment against the owner, contractor, and his assignee for the foreclosure of the lien, and is not compelled to share in the general fund in the hands of the assignee as an ordinary creditor. And where the assignee of the contractor has paid the amount of the lien to the county clerk, and the lien has thus been discharged, the amount so deposited is in lieu of the property, and the lienor upon bringing his proper action is entitled to judgment for the payment to him of the money so deposited.

The mechanic's lien laws of 1875, as amended in 1879, are not different in these respects from the former mechanic's lien laws of 1830 and 1851 under which the courts have made decisions on this subject.

The costs in such an action must be paid out of the contractor's estate, before any claims owing by Jennings have been satisfied.

*Special Term, July,* 1880.

The defendant, Robert Hutcheson, being the owner of several houses in Third avenue, in the city of New York,

made a contract with the defendant, John Jennings, to perform the carpenter work, and Jennings made a subcontract with the plaintiff, Robert McMurray, to perform the wirework under his contract, which the plaintiff completed on the 26th December, 1879, amounting to $122.50.

Jennings had not completed his contract when he failed, and made a general assignment for the benefit of his creditors to the defendant, William E. Price, on the 13th day of January, 1880. On the 14th day of January, 1880, the plaintiff filed his lien with the clerk of the city and county of New York upon the property of the defendant Hutcheson for the amount of his work. On the seventh day of February, 1880, the defendant, Price, as assignee, deposited with the county clerk the amount of the lien and interest, $123.16, and the lien was discharged.

The assignee completed the contract of Jennings and received $1,500, the amount of the contract-price.

The plaintiff made a demand upon the assignee and the county clerk for the payment to him of the amount of the lien deposited, and they refused to pay him, whereupon the plaintiff brought this action; none of the defendants defended except the assignee.

*R. S. Johnson*, for the assignee, contended that as the lien was filed after the assignment by the contractor, the plaintiff could only be paid out of the general fund the same as other creditors, and that he had never acquired a lien; that the money deposited with the county clerk belonged to the assignee, to go into the general fund of which plaintiff would receive his *pro rata* share the same as other creditors of the contractor; that under the mechanic's lien act of 1875, as amended in 1879, there was no authority, as in former acts, for plaintiff acquiring a lien under the circumstances. He cited *Brown* agt. *Zeize* (*MS.*), *common pleas, general term, March*, 1880.

*George F. Langbein*, for plaintiff, contended that if the owner, Hutcheson, had failed and made an assignment for the benefit of his creditors, the position and argument of the assignee would be correct, but the owner did not fail and make an assignment, and as the lien was on his property the money deposited was in lieu of the lien and, therefore, still existed in law on the property of the owner although, in fact, it was discharged therefrom.

The property did not belong to Jennings, the contractor, it belonged to Hutcheson, therefore the money does not belong to Jennings, or his assignee, as the money simply took the place of the property. The assignee, Price, was not bound to deposit the money, plaintiff could have kept his lien, and the owner could have defended the foreclosure of the lien, if he had any defense.

The lien not being on the property of Jennings, his assignee cannot deprive the plaintiff of obtaining his money out of the lien on the property of Hutcheson by claiming he deposited the money and the money belongs to him.

The property upon which the law gave the plaintiff a lien is to pay the plaintiff for his work and material put into it.

The assignment by the contractor for the benefit of his creditors does not operate to change the relations between the subcontractor and the owner. The subcontractor could perfect a lien *after* the assignment (*Madeville* agt. *Reed*, 13 *Abb.*, 173; *Henderson* agt. *Sturgis*, 1 *Daly*, 336).

The assignee stands in the place of the contractor and acts for his benefit, and if he performs the contract, or becomes entitled to any payment under it, the subcontractor can acquire a lien to the same extent as if the assignment had not been made (*Oates* agt. *Haley*, 1 *Daley*, 338).

There is no difference between the lien laws of 1851 and 1863, and those of 1875 and 1879, affecting the present question. The cases cited were decided under the former lien laws of 1830 and 1851; these laws made no express enactment which caused the courts to make these decisions. The Laws

McMurray agt. Hutcheson.

of 1863, section 1, had an express enactment, and the Laws of 1875, chapter 507, sections 4, 14 and 17, give a subcontractor a lien ahead of the contractor. Section 4 of the Law of 1875, as amended in 1879, is stronger in favor of the subcontractor upon this question than any of the prior acts.

The completion of plaintiff's contract with Jennings enabled the assignee to complete Jenning's contract with Hutcheson and obtain the payment. The assignee was, therefore, paid for plaintiff's work, and in all fairness and equity plaintiff should be paid his money.

VAN HOESEN, J. — The contractor Jennings made, on the 13th day of January, 1880, an assignment for the benefit of his creditors. On the following day, the fourteenth, the plaintiff, who was subcontractor under Jennings, having completed his contract filed his lien under the mechanic's lien act. The lien was afterwards discharged by the payment of the amount thereof to the county clerk. This payment was made by Mr. Price, Jennings' assignee. Price made the payment because he had made an arrangement with Hutcheson, the owner of the building, to go on and finish Jennings' contract. He fully performed Jennings' contract and obtained the money, which was payable thereunder to Jennings. McMurray has brought his action to foreclose his lien and the question is, who is entitled to the money which Price deposited with the county clerk, McMurray, the lienor, or Price, the assignee? The equities are all in favor of McMurray, and the decisions of this court seem to me to entitle him to recover. Price, not for himself but for the benefit of the assigned estate, did the work which his assignor had left undone and obtained from Hutcheson payment, not only for what he did but also payment for the work which had been done by McMurray. Is it fair that he should retain what was honestly coming to McMurray?

Again, he assumed the contract of Jennings with Hutcheson, and by doing so placed himself in Jennings' shoes, so

that whatever Jennings would be bound to do he is equally bound to do. The case is the same as if Jennings himself had performed the contract, and the rights of McMurray are the same as they would then be.

The cases in this court which I have referred to are *Henderson* agt. *Sturgis* (1 *Daly*, 336), and *Oates* agt. *Haley* (1 *Daly*, 338).

The plaintiff is entitled to judgment, with costs payable out of the Jennings' estate, but not by the assignee, personally. My intention is that the costs shall be paid before any claims owing by Jennings have been satisfied, but I cannot direct the assignee to pay them forthwith (*See decision on this subject made by me in June,* 1880).