## DEADY *v.* FINK *et al.*

### (*City Court of New York, Trial Term.*   April 18, 1889.)

MECHANICS' LIENS—PRIORITY—RECEIVERS.

A receiver appointed in supplemental proceedings instituted against a contractor is not entitled to a claim owing to the contractor for the construction of a building, as against one who had prior to the appointment of the receiver furnished materials for the building at the instance of the contractor, although the lien for the materials so furnished is not filed until after such appointment.

Action by William H. Deady, as receiver of the property of Henry C. Ayars, against Frederick C. Fink and others. John Croghan, the owner of a lot on Pelham avenue, in the city of New York, employed the defendant Ayars to build for him, and furnish the necessary materials therefor, a dwelling on said lot for a stipulated sum. The payments were all made excepting the sum of $450, which was to be paid on completion of the work. In this sum the respective parties claim an interest, under the following circumstances: Abraham Steers brought an action against Ayars, and recovered a judgment in this court, September 7, 1888, for $821.16. After the return of an execution issued thereon unsatisfied, to-wit, on December 20, 1888, an order in supplementary proceeedings for the examination of the judgment debtor was made, under which he was subsequently examined, and on January 26, 1889, the plaintiff was appointed receiver of Ayars' property. On February 5, 1889, the defendants Copley & Dolen, who had furnished materials for the building on the order of Ayars, the contractor, filed a lien with the county clerk for a balance due them of $289.34. On February 20, 1888, the defendant William Coogan, who had also furnished certain materials to the building on the order of Ayars, filed a lien for $54.48. Thereafter William H. Deady, the plaintiff, who had been appointed receiver as aforesaid of Ayars, on the Steers judgment, commenced an action against John Croghan, the owner, to recover

the $450 aforesaid; whereupon Croghan, the owner, made application to the court, setting forth that the $450 was due to Ayars, the contractor, and that in consequence of the two liens filed he was unable to determine the rights of the different claimants, to-wit, those of the receiver and the two lienors. The court thereupon made an order that Croghan deposit the $450 in court, and be discharged from further liability, and that the two lienors be substituted in his place, to the end that the equities of the respective parties to said fund be determined.

*Henry G. Schultz,* for plaintiff.    *Alfred S. Ackley, A. Prentice,* and *John J. Brady,* for defendants.

McADAM, C. J. For the purpose of determining the various equities of the parties to the fund, the money deposited in court must be regarded as the land upon which the work was done and the materials furnished. The work done and materials furnished went upon the land, and became part and parcel of it, and the $450 deposited in court must be regarded as its substitute. The appointment of the plaintiff as receiver must be regarded as an assignment of the claim on the premises by operation of law, and the receiver, by force of the transfer, became substituted to the rights of the contractor, and, for all the purposes of this litigation, he must be considered the contractor. The receiver, like an assignee, took the transfer subject to all the equities existing against the contractor, and these equities make his claim subordinate to the right of the subcontractors to file liens for the materials furnished by them. The main portion of the materials were furnished by the subcontractors before the receiver was appointed, and a small portion thereafter. They had the right to file a lien, which, although inchoate in its nature at the time the materials were furnished, became mature and perfect on filing the notice required by the statute, and this was filed in due time. The materials furnished upon the land created the very fund which is in court, and it would be, indeed, inequitable to hold that the persons who created the fund should have no benefit whatever from it.

The courts have held that, "under the mechanic's lien law, the right of a subcontractor to file a notice of claim, and acquire a lien and right to payment out of moneys due the contractor from the owner of the premises against which the lien is filed, is not cut off by an assignment for the benefit of creditors, made by the contractor before the filing of the lien." *Smith* v. *Baily,* 8 Daly, 128; *Mandeville* v. *Reed,* 13 Abb. Pr. 173. Such assignments can hardly be said to be collusive when made, as in those cases, for the benefit of all the creditors alike; nor can the transfer to the plaintiff be said to be collusive, because it was an involuntary one, and made by operation of law. I can discover no difference between the title acquired by a receiver in supplementary proceedings and one acquired by an assignee under a general assignment. The title derived in either case is practically by assignment,—the one voluntary, and the other by act of the law. The receiver, like the assignee, takes subject to all equities existing against the assignor, and is not, in the strict legal sense, a *bona fide* purchaser for value and without notice. I therefore decide that the fund on deposit be disposed of as follows: That the lien filed by Copley & Dolen, being first in point of time, be first paid; that the lien filed by Coogan, being second in point of time, be next paid; and that the balance of the fund be paid to the receiver, to be applied on the judgment in the proceeding on which he was appointed. The present proceeding, being equitable in its nature, and all the parties having acted in good faith, and having meritorious claims, no costs will be allowed to one as against the other. A decree in accordance herewith may be submitted.