JOHN P. KANE COMPANY, Appellant, *v.* FRANCIS S. KINNEY et al., Defendants; CLARENCE L. SMITH et al., Appellants, and CHARLES N. TALBOT, as Assignee of ANDREW J. ROBINSON, Respondent.

MECHANIC'S LIEN — ASSIGNEE OF GENERAL CONTRACTOR FOR BENEFIT OF CREDITORS TAKES TITLE TO FUNDS DUE ASSIGNOR SUBJECT TO LIENS OF SUB-CONTRACTOR FURNISHING WORK AND MATERIALS. Under a general assignment for the benefit of creditors made by a general contractor, who has furnished and provided labor and materials for and towards the erection of a building, for which moneys are due, or to become due, to him, the assignee takes title to such moneys subject to liens filed by laborers, mechanics, materialmen or sub-contractors subsequent to the assignment but within the ninety days prescribed by statute. *John P. Kane Co.* v. *Kinney,* 68 App. Div. 163, reversed.

(Argued February 23, 1903; decided March 6, 1903.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 5, 1902, upon an order which reversed a judgment of Special Term sustaining the validity of a mechanic's lien against property of the defendant Kinney and dismissed the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Woolsey Shepard* and *Joseph McElroy, Jr.*, for plaintiff, appellant. The lien of plaintiff takes precedence over a general assignment for the benefit of creditors, although the latter was executed and delivered prior to the filing of the lien, but not filed in the office of the county clerk, wherein the property to be improved was situated, until after the filing of plaintiff's lien. (*Noyes* v. *Barton*, 29 Barb. 631; *Quinby* v. *Sloan*, 2 Abb. Pr. 93; *Jackson* v. *Sloan*, 2 Abb. Pr. 104; *Brill* v. *Tuttle*, 81 N. Y. 454; *Lauer* v. *Dunn*, 115 N. Y. 405; *Stevens* v. *Ogden*, 130 N. Y. 182; *Beardsley* v. *Cook*, 143 N. Y. 143; *Bates* v. *S. S. Nat. Bank*, 157 N. Y. 322; *A. & T. Co.* v. *Syme*, 163 N. Y. 54.) A notice of lien filed within the time prescribed by the provisions of the Mechanics' Lien Law takes precedence over a general assignment for the benefit of creditors antedating it, and the assignee takes title subject to the lienor's right to assert his lien within the statutory time. (Bishop on Insol. Debtors, §§ 155, 339; *Van Heusen* v. *Redcliff*, 17 N. Y. 580; *Sheldon* v. *Wickham*, 161 N. Y. 500; *A. S. R. Co.* v. *Fancher*, 145 N. Y. 552; *Blydenburgh* v. *Thayer*, 1 Keyes, 293; *Matter of Howe*, 1 Paige, 125; *Mandeville* v. *Reed*, 13 Abb. Pr. 173; *Matter of C. Mfg. Co.*, 15 Misc. Rep. 588; *R. H. Co.* v. *City of New York*, 27 Misc. Rep. 450; *Henderson* v. *Sturgis*, 1 Daly, 336; *Smith* v. *Baily*, 8 Daly, 128.) The Mechanics' Lien Law, being a remedial statute, should be construed liberally and with a view rather to uphold than to defeat its beneficial purpose. (*Matter of C. Mfg. Co.*, 15 Misc. Rep. 588; *Brace* v. *City of Gloversville*, 167 N. Y. 452; *Hudlers* v. *Golden*, 36 N. Y. 446; *Allen* v. *Stevens*, 161 N. Y. 120; *Pinkerton* v. *Lebeau*, 54 N. W. Rep. 97; *Post* v. *Campbell*, 83 N. Y. 279.)

*H. B. Closson* and *William D. Peck* for Clarence L. Smith, appellant. A general assignee for the benefit of

creditors of a general contractor acquires by his assignment no rights which can defeat or impair the superior right of the sub-contractors of his assignor to acquire valid liens upon the owner's property for the amount due or to become due under the building contract, by thereafter filing the necessary notice within the period allowed by the statute. (*H. B. Works* v. *Booth*, 161 N. Y. 658; *Holmes* v. *McDowell*, 15 Hun, 585; *Myers* v. *Myers*, 18 Misc. Rep. 663; *Bates* v. *Wright*, 23 Wend. 335; *Brevoort* v. *Brevoort*, 70 N. Y. 136.)

*George V. Brower* for William C. W. Child, appellant. Mechanics' liens filed within the statutory period are not cut off by a general assignment for the benefit of creditors made and recorded before liens are filed. (*R. H. Co.* v. *City of New York*, 27 Misc. Rep. 448; *Matter of C. Mfg. Co.*, 15 Misc. Rep. 588; *Mason* v. *Jones*, 58 App. Div. 231; *McMurray* v. *Hutcheson*, 58 How. Pr. 210; *Henderson* v. *Reid*, 1 Daly, 336; *Oates* v. *Haley*, 1 Daly, 338; *Smith* v. *Baily*, 8 Daly, 128; *Mandeville* v. *Reed*, 13 Abb. Pr. 173; Borsot on Mechanics' Lien, ¶¶ 346, 347; Bishop on Insol. Debtors, ¶ 277; *M. S. Co.* v. *Jones*, 58 App. Div. 231; *Conkite* v. *Thompson*, 1 E. D. Smith, 661.)

*Henry de Forest Baldwin* and *Herbert C. Lakin* for respondent. The title to the moneys due upon Robinson's contract with the owner passed absolutely to the assignee upon the delivery and acceptance of the assignment on March 7, 1900. (*Warner* v. *Jaffray*, 96 N. Y. 248; *Ryan* v. *Webb*, 39 Hun, 435; *Pancoast* v. *Spowers*, 20 J. & S. 523; *Nicoll* v. *Spowers*, 105 N. Y. 1; Bishop on Insolvent Debtors, 116, 118; *McMahon* v. *Sherman*, 14 N. Y. S. R. 637; *Lawrence* v. *Davis*, 3 McL. 177; *Halsey* v. *Whitney*, 4 Mason, 206; *Kellogg* v. *Slawson*, 15 Barb. 56; 11 N. Y. 302; *Rockwell* v. *McGovern*, 69 N. Y. 294.) A laborer or materialman, who has filed no notice of lien, has no preferential right to be paid out of moneys due or to become due the contractor. (*Bates* v. *S. S. Nat. Bank*, 157 N. Y. 322; *Brill* v. *Tuttle*,

81 N. Y. 454 ; *Lauer* v. *Dunn,* 115 N. Y. 405 ; *Stevens* v. *Ogden,* 130 N. Y. 182 ; *Beardsley* v. *Cook,* 143 N. Y. 143 ; *Mahoney* v. *McWalters,* 3 App. Div. 249 ; *Noyes* v. *Burton,* 29 Barb. 631 ; *Quimby* v. *Sloan,* 2 Abb. Pr. 93 ; *Jackson* v. *Sloan,* 2 Abb. Pr. 104 ; *McCorkle* v. *Herrman,* 117 N. Y. 297.)

O'BRIEN, J. This action was brought to foreclose mechanics' liens and to determine the priority between the lienors and the general assignee of the contractor for the benefit of creditors. It appears that the defendant Kinney entered into a written contract with the defendant Robinson, whereby the latter agreed to furnish and provide all the labor and materials for and towards the erection of a building for Kinney. The defendant Robinson, the general contractor, furnished labor and materials for the building to the amount of two thousand five hundred and twelve dollars and forty-four cents. It appears that this general contractor for the erection of the building made a sub-contract with the plaintiff, whereby the latter agreed to furnish certain materials for use in the building at an agreed price, and the materials so furnished by the plaintiff amounted to six hundred and sixty-five dollars and seventy cents, and were furnished between February 9th, 1900, and March 7th, 1900. Some of the other defendants, who have filed liens, had similar contracts with the contractor for furnishing specific materials. The lien of the plaintiff was filed on March 8th, 1900, at 9 o'clock in the forenoon ; the lien of another defendant was filed on the same day at ten minutes past 9 o'clock in the forenoon. On March 7th the defendant Robinson, the general contractor, executed and delivered to the defendant Talbot a general assignment of all his property for the benefit of his creditors, which assignment was filed in the clerk's office on March 8th, 1900, at ten minutes past 9 o'clock in the forenoon. It will be seen, therefore, that the plaintiff's lien was filed ten minutes before the general assignment for the benefit of creditors.

The general question of law which is involved in the case is, whether a voluntary assignment made by the general con-

tractor for the benefit of all his creditors takes preference as to the fund due from the owner of the building to a mechanic's lien filed by the sub-contractor. In other words, the question is whether the assignee for the benefit of creditors takes the fund due or to become due to his assignor in preference to mechanics, materialmen or sub-contractors who have performed work or furnished materials, and have filed a lien for the same within the statutory period. Although it appears that the plaintiff's lien was filed before the recording of the general assignment we will assume for all the purposes of the case that the assignment is prior in point of time. Such an assignee takes the property of his assignor, subject to all equities and liens that might have been enforced before the assignment. The object and purpose of the Mechanics' Lien Law was to protect a person who, with the consent of the owner of real property, enhanced its value by furnishing materials or performing labor in its improvement by giving him an interest therein to the extent of the value of such material or labor. The filing of the notice of lien is the statutory method prescribed by which the party entitled thereto perfects his inchoate right to that interest. That is the manner and mode of procedure in which the right is asserted. A certain time is allowed in which the lien may be asserted or lost. During that time there is a preferential statutory right in the nature of an unperfected equitable lien in favor of the laborer, mechanic, materialman or sub-contractor. And when a notice of lien is filed that right is perfected. But until the ninety days allowed by the statute within which the lien may be filed have elapsed the right cannot be defeated by the voluntary act of the party against whom it might be asserted, such as a general assignment for the benefit of creditors. If such were the effect of the assignment no laborer or materialman's claim would be secure, and the beneficial purpose of the statute could be defeated unless a lien was filed at the time the work was commenced and from day to day thereafter. This, however, being a remedial statute, must be construed liberally with a view to carry out its intent and for the

accomplishment of every beneficial purpose contemplated. It would, therefore, seem to be a very reasonable conclusion that the assignee for the benefit of creditors takes the title to the estate of his assignor, subject to the right of any lienor to assert his lien against the property or the fund within the statutory time, that is, within the ninety days.

In cases of a contest between the rights of a lienor and a general assignee for the benefit of creditors, the circumstance that the fund may have been and generally is earned by the labor or expenditure of the person filing the mechanic's lien is entitled to some weight. If, in such cases, the fund must be awarded to the assignee instead of the mechanic or material-man filing the lien within the statutory period, the statute is not very liberally construed in favor of the lienor and the general policy of the statute would seem to be defeated. It seems to me that upon principle and authority it should be held in this case that the lien of the plaintiff is prior and superior to that of the assignee. It has been so held in this court in at least two decisions which seem to be unanimous. In *Mandeville* v. *Reed* (13 Abb. Pr. 173) it was held that the claim of the assignee for the benefit of creditors would be postponed to the lien of a mechanic or materialman, although these liens were filed long subsequent to the assignment, but within the statutory period. It is true that that case does not seem to have been reported in the regular series of reports containing the decisions of this court. The case, however, was decided at a time when decisions were not reported with the same regularity that they are at present, but it does not detract from the force or authority of the decision to say that it was reported in a book outside the regular series of reports. The opinion in the case was written by Judge JEWETT, and all of his associates seem to have concurred with him, and the principles enunciated in the opinion seem to be just and reasonable. It was held that the prior general assignment effected no change, whatever, in the legal relations of the parties. Moreover, that decision was cited with approval in a comparatively recent case in this court (91 N. Y. 153, 168), and it has been

generally followed in the courts of original jurisdiction when the question was involved. (*McMurray* v. *Hutcheson*, 59 How. Pr. 210; *Oates* v. *Haley*, 1 Daly, 338; *Henderson* v. *Sturgis*, 1 Daly, 336; *Smith* v. *Baily*, 8 Daly, 128; *Reading Hardware Co.* v. *City of New York*, 27 Misc. Rep. 448, 450; *Matter of Christie Mfg. Co.*, 15 Misc. Rep. 588; *Murray* v. *Gerety*, 25 Abb. N. C. 161.)

In the very recent case of *Havana Bridge Works* v. *Booth*, where the question was involved, the learned trial judge held that the mechanic's lien was prior in point of equity, though subsequent in point of time to that of a temporary receiver. The learned trial judge said: " The plaintiff furnished materials for which recovery is here sought under the reasonable assurance that it might have the security of its lien. Upon the failure of its contractor equity would seem to me to require as against the general creditors represented by the receiver that the lien should be preserved." In that case there was a contest between the lienor and the temporary receiver and it was held that the lienor, under the Mechanics' Lien Law, was entitled to the fund. This decision was affirmed at the Appellate Division (35 App. Div. 624) and unanimously affirmed in this court, without opinion (161 N. Y. 658). In that case the general contractor became insolvent, and in proceedings for its voluntary dissolution, it being a corporation, a temporary receiver of its assets was appointed nearly six months before the notice of lien was filed. The temporary receiver in that case occupied substantially the same position in reference to the fund that the assignee for the benefit of creditors in this case represents.

We are not now dealing with a case where the fund has been assigned for a valuable consideration, or with a case where a vigilant creditor has secured in some way a specific lien upon the fund prior to the time of filing the plaintiff's notice of lien. We are dealing with a case of an assignee for the benefit of creditors who stands in the place of his assignor, with no other or greater rights and who takes the property subject to every equity and claim that might have been asserted by third

parties; and it seems to me that upon principle and authority it should be held that the assignee's title to the fund in question was subject to liens filed by laborers, mechanics, materialmen or sub-contractors subsequent to the assignment but within the ninety days prescribed by statute. The learned trial judge decided that the plaintiff's lien was effectual as against the general assignment, but his decision was reversed at the Appellate Division. It is stated in the opinion that the reversal was contrary to the views of the court as to the law of the case and only in deference to a then recent decision in another department. (*Armstrong* v. *Borden's Condensed Milk Co.*, 65 App. Div. 503.)

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs,

PARKER, Ch. J., BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Judgment reversed, etc.