(53 Misc. Rep. 468)

FALVELLO v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. March 3, 1907.)

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—LIEN—PRIORITY.

The liens of laborers and a materialman for a public improvement in a municipality are superior to the lien of a subcontractor.

Action by Frank Falvello against the city of New York and others. Findings against plaintiff.

E. L. Holywell, for plaintiff.
Blandy, Mooney & Shipman, for defendant Gallo.
James Kearny, for defendant Dittmar.

NEWBURGER, J. Action to foreclose a mechanic's lien by a subcontractor. The defendant Gallo is the original contractor. He sublet to the plaintiff, Falvello, the rock excavation required to be done under the contract with the city. The defendant Dittmar furnished the blasting material to the plaintiff, Falvello, and the other defendants were laborers employed by Falvello. The amount of the Dittmar and the laborers' liens is not disputed. It is contended, however, on the part of the defendant Gallo, that, under the sixth defense of his answer, whatever amount might be due from him to Falvello is offset by the amount due from Falvello to him for moneys heretofore advanced. Without passing upon the question whether the sixth defense of the defendant Gallo properly sets up a counterclaim or an offset, I am of the opinion that the funds in the hands of the city due under the contract between it and Gallo are subject first to the liens of the materialman and the laborers. It has been repeatedly held that the object of the lien law is to protect those who enhance the value of property by furnishing labor or material to the extent of the value thereof, and that the amounts that are due from the contractor to a subcontractor are chargeable with the amounts of liens filed under the mechanic's lien law, and have priority over any conveyances, assignments, and also over claims of general creditors. See Kane Co. v. Kinney, 174 N. Y. 69, 66 N. E. 619; McCorkle v. Herman, 117 N. Y. 297, 22 N. E. 948; Develin v. Mack, 2 Daly, 94.

I therefore find that there is due the plaintiff upon the contract with the defendant Gallo the following sums: For rock excavation, 4,237 yards, amounting to $5,719.95; for earth excavation, 1,717 yards, amounting to $463.59; for filling, 4,144 yards, amounting to $372.96; for wall work, 344 yards, amounting to $430; for drilling holes, $500—$7,486.50. There is to be deducted therefrom: Cash payments, $6,324; and for block, lumber, steel, and hoisting cable, $157.30—$6,481.30. Leaving a balance due plaintiff of $1,005.20, with interest.

Out of the amount so found due, I direct that the liens of the laboring men and of the materialman should be deducted in the order in which the liens have been filed. Costs will be allowed to the materialman, but one bill of costs only to all of the laboring men. Submit findings.