## HERRMANN & GRACE v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

1. MECHANICS' LIENS (§ 201*)—PRIORITY.

 A mechanic's lien is subject to the rights of other creditors which have attached prior to the filing of the lien, but the lien of an attachment is subordinate to a mechanic's lien which had attached to the particular fund upon which the attachment was levied.

 [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 357; Dec. Dig. § 201.*]

2. MECHANICS' LIENS (§ 113*)—FUND TO WHICH LIEN ATTACHES.

 Where a mechanic's lien can be satisfied out of the amount due the principal contractor when notice was filed, it will not attach to an amount subsequently coming due.

 [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 148; Dec. Dig. § 113.*]

3. MECHANICS' LIENS (§ 201*)—PRIORITY OF LIEN TO ATTACHMENT.

 Plaintiffs filed a notice of lien on an amount due from a city to a contractor, and subsequently a creditor of the contractor levied an attachment on the same fund, and subsequent to the attachment other mechanics' liens were filed. The amount due at the time the liens were filed and the attachment levied was insufficient to satisfy all the claims. Held, that payment of the first lien filed would not be postponed until another installment of the amount due the contractor became due in the interest of the attaching creditor, as such a postponement would defeat the rights of the subsequent lienors in the amount of the fund which would subsequently fall due, although as between the first lienor and the attaching creditor equity would compel satisfaction of the lien out of the fund which the attaching creditor could not reach.

 [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 357; Dec. Dig. § 201.*]

Appeal from Special Term, Kings County.

Action by Herrmann & Grace against the City of New York and others. Judgment for plaintiff, and determining respective rights of defendants to certain funds, defendants the American Radiator Company and others bring cross-appeals. Modified and affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and MILLER, JJ.

John P. Duff,' for appellant American Radiator Co.

George W. Wingate (T. Ellett Hodgskin, on the brief), for appellant Heine Safety Boiler Co.

J. Power Donellan, for appellant Johnson Service Co.

Oliver C. Semple, pro se.

MILLER, J.    Cross-appeals by the defendants in this mechanic's lien suit present their conflicting claims to a fund amounting to $6,-345.25 in the hands of the comptroller of the city of New York, due on a building contract entered into between the board of education of the city of New York and the firm of Williams & Gerstle, contractors, on the 29th of July, 1903, and completed on the 25th of February, 1905.    On April 9, 1904, the plaintiff filed a notice of lien for $2,050. On the 1st of June the defendant Heine Safety Boiler Company caused to be levied a warrant of attachment in an action against Williams & Gerstle to recover the sum of $6,650.    At that time there was due the contractor the sum of $2,125, being 85 per cent. of $2,831.25, the amount of work certified as completed by the certificate of the officials of the board of education.    On June 27th the defendant the Johnson Service Company filed a notice of lien for $2,237.25, and on July 9, 1904, the defendant the American Radiator Company filed a notice of lien for $777.88.    There are other parties to the action, but it is only necessary to consider the priority of liens of the aforesaid defendants.

The plaintiff's lien is not disputed.    The appellant the Heine Safety Boiler Company claims a lien on the sum of $2,831.25, the entire amount of work certified as done when its attachment was levied.    The trial court, however, held that only $2,125 was then due the contractor; that, though the plaintiff's prior lien had attached to that sum, there arose an equity upon the levy of the attachment in favor of the attaching creditor by reason of the fact that the plaintiff might resort to moneys subsequently becoming due.    Wherefore it was decided that the sum of $2,125 should be held to abide the event of the action in which the attachment was issued, and that the plaintiff's lien should be satisfied out of the moneys which became due after the levy of the attachment, thus practically cutting off the lien of the appellants the Johnson Service Company and the American Radiator Company, both of whom appeal and contend that, at most, the levy of the attachment only created a lien on the sum of $2,125 subordinate to the lien of the plaintiff, which must first be satisfied from that fund.

I am unable to see how this case can be distinguished from the case of Herrmann & Grace v. City of New York, 130 App. Div. 531, 114 N. Y. Supp. 1107, an action between the same parties on almost precisely the same facts; the only distinction being that in that case the contractor abandoned the work, while in this case the contract was completed.    At the time of the levy of the attachment and the filing of the notice of lien, the situation in that case was precisely the same as it was in this.    The payment of the 15 per cent. was then contingent

upon the completion of the contract. In that case the contingency did not happen; in this it did. It was there decided that the attaching creditor only obtained a lien upon the 85 per cent. certified as due at the time of the levying of the attachment, and that the plaintiff's lien should first be satisfied out of that fund. We might well rest the decision of this case upon the opinion of Mr. Justice Scott in that case, were it not for the fact that the learned trial justice has accomplished a different result in this case by the application of an equitable rule which was not considered in that case.

There can be no question that a mechanic's lien is subject to the rights of other creditors which have attached prior to the filing of the lien. That was decided in McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948. But the lien of the attachment is subordinate to the plaintiff's lien, which had attached to the particular fund upon which the attachment was levied. So far as the mechanic's lien law is concerned, as the plaintiff's lien could be satisfied out of a fund due when notice was filed, there is no reason why it should attach to a fund subsequently coming due. See Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017. Certainly, when the attachment was levied, no equity arose in favor of the attaching creditor to have a prior lien attach to a fund that might never come into existence. Before further moneys came due, other notices of lien were filed, and it requires no extension of the mechanic's lien law, as the learned justice at Special Term seemed to think, to hold that those liens attached to the moneys subsequently coming due, subject to the prior lien, which, however, had to be satisfied, if possible, out of the fund to which it attached immediately upon filing.

The legal rights of the subsequent lienors have in fact been defeated by the application of an equitable principle never intended to apply to such a situation. No doubt, as between the plaintiff and the attaching creditor, equity would compel satisfaction of the plaintiff's lien out of the fund which the attaching creditor could not reach. If the equities are to be considered, they should be as of the time of the trial, and the men whose material and labor have created a fund would seem to have a superior equity in that fund to that of an attaching creditor. At any rate, it is the policy of the law to favor the former. Kane Co. v. Kinney, 174 N. Y. 69, 66 N. E. 619. The mechanics' lienors in this case stand on their legal rights. They do not ask a preference over a prior attaching creditor, but only that such creditor shall seek satisfaction out of the fund levied upon, subject to such liens as were then upon it, and that there shall be no shifting of liens to help out such creditor at their expense.

The judgment should be modified accordingly.

Judgment modified, in accordance with opinion, and, as modified, affirmed, without costs. All concur.