■  GISELE KAUFMAN, as Assignee for the Benefit of Creditors of AMBIONIC ENTERPRISES, INC., Respondent, v. SBARRO OF SUNRISE MALL, INC., et al., Appellants.— Order, Supreme Court, New York County, entered December 16, 1974, granting plaintiff's motion for summary judgment with resulting judgment in the amount of $69,059 and dismissing defendants' counterclaim unanimously modified, on the law, without costs and disbursements, by reversing so much thereof as granted summary judgment in the amount of $69,059 and further, by permitting the counterclaim to be asserted by way of affirmative defense to the limited extent of the amount sought in the complaint, and as so modified, affirmed; the judgment entered December 23, 1974 is unanimously reversed, on the law, and vacated, without costs and without disbursements. This is an action brought by the assignee for the benefit of creditors of Ambionic Enterprises, Inc., against defendants to recover $66,000 pursuant to 36 promissory notes dated September 17, 1973 payable to the order of the assignor. Defendants assert as an affirmative defense *and* counterclaim that the notes were based upon a contract between the assignor and the defendants which the former breached causing defendants to suffer $418,000 in damages. Plaintiff

is patently not a holder in due course because the assignee for the benefit of creditors stands in the place of the assignor, with no other or greater rights and takes the property subject to every equity and claim that might have been asserted by third parties (*Kane Co.* v. *Kinney,* 174 N. Y. 69, 75–76; *Matter of International Ribbon Mills (Arjan Ribbons)* 36 N Y 2d 121). Accordingly, subdivision (b) of section 3–306 of the Uniform Commercial Code controls and that section provides, in effect, that the assignee takes the instrument subject to " all defenses of any party which would be available in an action on a simple contract". However, Special Term correctly observed that "Defendants in order to enforce their claim for damages for the assignor's alleged failure properly to complete the job, are relegated to the filing of a claim in the assignment proceeding" (See Debtor and Creditor Law, § 15). Concur — Markewich, J. P., Murphy, Lupiano, Tilzer and Nunez, JJ.